2013 Ark. 22

**James K. MEADOR, Appellant**

**v.**

**TOTAL COMPLIANCE CONSUL-TANTS, INC., and Bill Medley, Appellees.**

**No. 12–408.**

Supreme Court of Arkansas.

Jan. 31, 2013.

Niblock Law Firm, PLC, Fayetteville, by: Raymond L. Niblock, for appellant.

Bassett Law Firm LLP, Fayetteville, by: Curtis L. Nebben, for appellee.

DONALD L. CORBIN, Justice.

Appellant, James K. Meador, appeals the judgment of the Benton County Circuit Court dismissing with prejudice his complaint. The judgment was entered pursuant to jury verdicts and interrogatories finding that Meador, who suffered injury to his arm and hand, including the severing of fingers, was a third-party beneficiary of the contract between Appellee Total Compliance Consultants, Inc. (TCC), and Gates Rubber Company, but that TCC was not negligent and did not breach its contract. On appeal, Meador contends that the circuit court either erred as a matter of law or abused its discretion in allowing TCC to argue and insinuate the fault of Gates Rubber Company, a nonparty. Also on appeal, Meador contends that, as applied to him, the Comparative Fault Statute, Ark.Code Ann. § 16–64–122 (Repl. 2005), violates the Arkansas Constitution.

Jurisdiction of this appeal is properly in this court as interpretation or construction of the Arkansas Constitution is at issue. Ark. Sup.Ct. R. 1–2(a)(1) (2012). Meador has not demonstrated that error occurred below, and we affirm the judgment.

According to the facts as alleged in the fourth amended and substituted complaint, Meador was employed by a staffing company and had been contracted to work at Gates Rubber Company when his right hand was caught under the cutting blade of a profiling machine. Meador's fingers were severed from his dominant hand and he suffered further injury to his arm and shoulder as he tried to pull his hand free. The core of Meador's case at trial was that TCC had contracted with Gates Rubber Company to consult on safety-compliance issues and that TCC either breached its contract or was negligent in failing to (1) require a safety guard for the machine that severed his fingers, (2) otherwise make the machine compliant with safety standards, or (3) have the machine taken out of service. TCC's defense at trial was that it was not responsible for Meador's injuries and that it owed him no duty. According to TCC, the terms of the contract provided that TCC would make recommendations for safety compliance at Gates Rubber Company, but that TCC had no control over whether Gates Rubber Company implemented its recommendations.

As noted, the jury returned its verdict, finding on interrogatories that Meador was a third-party beneficiary of the contract between TCC and Gates Rubber Company, but that TCC was not negligent and did not breach its contract. The circuit court entered a judgment reciting the jury's verdict on interrogatories and ordering that "the Complaint and all subsequent and amended Complaints including but not limited to the Fourth Amended and Sub-

stituted Complaint be dismissed with prejudice." This appeal followed.

As his first point on appeal, Meador contends that the circuit court erred as a matter of law in allowing TCC to introduce evidence and present argument that created a nonparty or phantom defendant, specifically Gates Rubber Company. Meador asserts that this practice, sometimes referred to as the empty-chair defense, should be prohibited following this court's holding in *Johnson v. Rockwell Automation, Inc.*, 2009 Ark. 241, 308 S.W.3d 135, that the portion of the Civil Justice Reform Act permitting a jury to apportion fault to a nonparty, specifically Ark.Code Ann. § 16–55–202 (Repl.2005), was unconstitutional in violation of the separation-of-powers doctrine. According to Meador, the circuit court's action in allowing the argument and insinuation of a nonparty's fault infringed upon his procedural due-process rights under article 2, section 8 of the Arkansas Constitution and limited his right to a complete redress of wrongs under article 2, section 13 of the Arkansas Constitution. TCC responds that Meador's constitutional challenge to the empty-chair defense is not preserved for appellate review because Meador either did not raise the constitutional aspect of the argument prior to judgment or failed to obtain a ruling from the circuit court as to the constitutionality. In reply, Meador refers us to his motion in limine, and contends that the arguments he raised therein placed this argument in a constitutional posture. We conclude, as explained below, that although Meador did indeed file a motion in limine challenging the admission of evidence or argument of nonparty fault, the circuit court's ruling did not address the specific constitutional arguments now being raised on appeal.

Meador's motion was titled "Plaintiff's Motion in Limine to Prohibit Evidence or Argument Declaring or Insinuating Fault or Negligence on the Part of Nonparties." Meador argued in the motion, as he does on appeal, that after *Johnson v. Rockwell*, TCC should not be permitted to create a phantom defendant and put on evidence to determine the fault of the phantom defendant as a nonparty. Meador argued further in the motion that any argument or conjecture suggesting comparative fault or negligence of a nonparty is totally irrelevant for purposes of TCC's fault and liability and highly prejudicial to Meador's right to a full recovery.

Meador and TCC discussed this motion with the circuit court at a hearing held the week before trial. Meador again cited the circuit court to *Johnson v. Rockwell* and argued that if Gates Rubber Company was not a party and could not appear on a verdict form to apportion fault, then TCC should not be allowed to present evidence or make argument throughout trial insinuating that Gates Rubber Company was at fault. The circuit court stated it would make a decision on the morning of trial. The subject of the empty-chair defense came up just prior to opening statements, but there was no discussion of the due-process or redress-of-wrongs arguments that Meador's now argues on appeal, and the circuit court ruled as follows:

> I think it's appropriate to allow the Defendants to ... because of the role that they claim with Gates, specifically, argue that their role was to advise and not to implement, that that was left up to Gates. To that extent, the empty chair can be argued. Certainly, there can't be any indication that Gates can somehow be required to pay anything.

It is clear then that, although the circuit court limited the extent to which TCC could argue the empty-chair defense, the ruling in no way encompassed the due-process and redress-of-wrongs constitu-

tional arguments Meador now raises on appeal. The failure to obtain a ruling on an issue, even a constitutional one, precludes our review on appeal. *See Gwin v. Daniels,* 357 Ark. 623, 184 S.W.3d 28 (2004) (explaining that failure to obtain a ruling precludes review of an issue because, under appellate jurisdiction, this court is limited to reviewing a ruling or order of a lower court). When a circuit court does not provide a ruling on an issue, it is an appellant's responsibility to obtain a ruling to preserve the issue for appeal. *Neal v. Sparks Reg'l Med. Ctr.,* 2012 Ark. 328, 422 S.W.3d 116. Because Meador did not obtain a specific ruling on the constitutional aspect of this argument as presented on appeal, we are precluded from addressing the merits of Meador's constitutional challenge on appeal. *See id.; Gwin,* 357 Ark. 623, 184 S.W.3d 28.

As his second point for reversal, Meador contends that if it was not an error of law to allow the empty-chair defense, it was certainly an abuse of discretion. Meador contends, as he did in his motion in limine, that this was an evidentiary error based on relevance and prejudice. On appeal, Meador contends that TCC repeatedly offered testimony that related only to establishing the fault of the nonparty, Gates Rubber Company, and that such evidence had no relevance to TCC's fault. According to Meador, the evidence served only to confuse the jury as to issues of fault and causation and therefore the evidence was highly prejudicial to his right to a full recovery.

TCC responds that the circuit court's restriction on the presentation of the empty-chair defense was in Meador's favor rather than prejudicial to him. TCC further responds that Meador did not offer any objection when the challenged evidence was being presented, and our review of the record reveals that TCC is correct

in this regard. Moreover, we note that during the presentation of Meador's case and with prior permission of the circuit court, Meador elicited evidence insinuating Gates Rubber Company's fault by way of testimony from at least three witnesses that, eleven days after Meador's accident and injury, Gates implemented a type of subsequent remedial measure known as a light curtain that would have prevented Meador's injury.

A motion in limine is not to be used to eliminate an entire claim or defense or as a sweeping means of testing issues of law. *See Schichtl v. Slack,* 293 Ark. 281, 737 S.W.2d 628 (1987). "Such motions are to be used to prevent some specific matter, perhaps inflammatory, from being interjected prior to the trial court's having decided on its admissibility outside the hearing of the jury." *Id.* at 285, 737 S.W.2d at 630. The circuit court's ruling on Meador's motion in limine was in Meador's favor to the extent that it limited TCC's use of the empty-chair defense to the specific aspect of TCC's role, which was "to advise and not to implement," and prohibited "any indication that Gates [could] somehow be required to pay anything." As such, it was Meador's burden to object and obtain a ruling when it appeared that the circuit court's ruling was being violated. *Health Facilities Mgmt. Corp. v. Hughes,* 365 Ark. 237, 227 S.W.3d 910 (2006) (stating that where a motion in limine on an issue was granted, it is the appellant's burden to obtain a ruling on the motion when it appears that the circuit court's previous ruling is being violated).

Our review of the record reveals that Meador did not object when the empty-chair defense and evidence were being presented and did not obtain a ruling that the circuit court's prior ruling on the motion in limine was being violated. Moreover, Meador himself insinuated the fault

of Gates Rubber Company when Meador elicited testimony of the subsequent remedial measure known as a light curtain. We therefore conclude that Meador has failed to produce a record on appeal demonstrating any abuse of discretion on the circuit court's part.

As his third point on appeal, Meador contends that the Comparative Fault Statute, Ark.Code Ann. § 16–64–122(a) (Repl.2005), violates the Arkansas Constitution as applied to him in several respects including the separation-of-powers doctrine recognized in amendment 80, section 3, the due-process guarantee of a fair trial recognized in article 2, section 8, and the right to a full recovery for the redress of personal injury in article 5, section 32 and article 2, section 13. According to Meador, OSHA regulations impose a greater obligation on a defendant to make a machine safe and supersede any common-law duty on the plaintiff's part to guard against negligence. As a result, argues Meador, Arkansas's comparative-fault statute, which mandates consideration of the negligence of the plaintiff without exception, cannot be used to diminish TCC's responsibility without denying Meador procedural due process and limiting his right to a complete recovery. Accordingly, Meador contends that the circuit court erred as a matter of law in denying his pretrial motion challenging the constitutionality of section 16–64–122(a) as applied in his case.

Although Meador did indeed file a pretrial motion challenging the constitutionality of the comparative-fault statute as applied, the circuit court deferred ruling on the motion until the Attorney General responded to Meador's notice that he intended to challenge the constitutionality of the comparative-fault statute. The Attorney General did indeed respond that it would not intervene, stating by letter that the parties appeared to be adversarial and competent to defend the statute. At the close of all the evidence and after the denial of directed-verdict motions, the circuit court ruled just prior to giving jury instructions that it was not finding "whichever act it is . . . unconstitutional. So, we can do the contribution. So, I am going to give those jury instructions."

Although this ruling is not entirely clear because the circuit court used the word "contribution" rather than "comparative fault" and did not identify the statute by citation, it nonetheless appears that, prior to instructing the jury, the circuit court was sua sponte attempting to clear up a constitutional issue that it had previously deferred. Although the court noted that the "contribution" instructions would be given, the instruction that was actually given was on comparative fault. Thus, despite the parties' differing views on the ruling, the circuit court did rule on Meador's pretrial motion adversely to Meador. The ruling, however, did not specifically address the arguments now being raised on appeal.

Meador's argument here is that the comparative-fault statute is unconstitutional as applied to his case because of the alleged heightened duty of the defendant to protect against the plaintiff's own negligence in this workers'-compensation setting. However, the jury's verdict that TCC was not negligent means that the comparative-fault statute was not applied to Meador's case at all, much less applied to his prejudice. Simply put, pursuant to the instructions given, the verdict of no negligence on TCC's part means that the jury did not consider whether Meador was also negligent and therefore did not compare fault. The comparative-fault statute simply was not applied to Meador; therefore, he has suffered no injury and has no standing to bring an as-applied constitutional challenge. *See Tsann Kuen Enters.*

*Co. v. Campbell,* 355 Ark. 110, 129 S.W.3d 822 (2003) (stating that standing and injury cannot be demonstrated when the challenged statute has not been applied).

We conclude that on all three points, Meador has not produced a record on appeal demonstrating error, and we affirm the judgment dismissing the complaint with prejudice.