SLIP OPINION

Cite as 2015 Ark. App. 333

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-14-952

| | |
|---|---|
| Q. BYRUM HURST and HURST, MORRISSEY & HURST, P.L.L.C. <br> APPELLANTS <br><br> V. <br><br><br> ARKANSAS RADIOLOGY AFFILIATES, P.A.; RICHARD KREMP, M.D.; and HOT SPRING COUNTY MEDICAL CENTER <br> APPELLEES | **Opinion Delivered** May 20, 2015 <br><br> APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30CV-13-199-2] <br><br><br> HONORABLE EDDY EASLEY, JUDGE <br><br> AFFIRMED |

**PHILLIP T. WHITEAKER, Judge**

The appellants in this case are Q. Byrum Hurst and Travis Morrisey, attorneys who formerly represented appellees Dr. Richard Kremp and Arkansas Radiology Affiliates, P.A. (ARA). The remaining appellee is Hot Spring County Medical Center (HSCMC), a hospital with which Dr. Kremp became involved in a contract dispute. Dr. Kremp and ARA brought suit against Hurst, Morrisey, and HSCMC in the Hot Spring County Circuit Court. Hurst and Morrisey filed motions to dismiss, as did HSCMC. Although the Hot Spring County Circuit Court granted Hurst and Morrisey's motions to dismiss, they appeal the portion of the circuit court's order that granted HSCMC's motion to dismiss. Because Hurst and Morrisey have failed to preserve their argument on appeal, we affirm.

SLIP OPINION

I. *Facts and Procedural History*

A. Prior Appeal

In 2003, Dr. Kremp and ARA entered into a "Professional Services Agreement" with HSCMC under which Dr. Kremp and ARA would provide radiology services for HSCMC. In 2007, Dr. Kremp and ARA filed a complaint against HSCMC in the Garland County Circuit Court in case no. CV-2007-566-III, alleging that the hospital had breached the contract; the complaint also contained several claims that sounded in tort.[1] HSCMC subsequently filed a motion to stay the case pending arbitration, citing an arbitration clause in the Professional Services Agreement. The circuit court denied HSCMC's motion, finding a lack of mutuality of obligation. HSCMC appealed, and this court reversed, holding that the arbitration clause was enforceable. *Hot Spring Cnty. Med. Ctr. v. Ark. Radiology Assocs.*, 103 Ark. App. 252, 288 S.W.3d 676 (2008). In doing so, however, this court noted that any of Dr. Kremp's tort claims were not subject to arbitration pursuant to statute. Therefore, the court concluded that "our reversal only pertains to [Dr. Kremp's and ARA's] breach-of-contract claims, which shall be stayed and ordered to arbitration." *Id*. at 257–58, 288 S.W.3d at 680.

B. The Subsequent Garland County Proceedings

Following this court's 2008 decision, very little happened in the circuit court, although subsequent pleadings indicate that a trial was scheduled for January 2011 to address

---

[1]Dr. Kremp and ARA initially filed suit in the United States District Court in the Western District of Arkansas; that suit, however, was voluntarily dismissed.

SLIP OPINION

Dr. Kremp's tort claims. In November 2010, the Garland County Circuit Court entered an order dismissing case no. CV-2007-566-III due to Dr. Kremp's failure to comply with a pretrial order. Dr. Kremp did not appeal this order. Throughout 2011, however, Dr. Kremp attempted repeatedly to communicate with his attorneys regarding the status of the lawsuit.

In March 2012, Hurst and Morrisey refiled Dr. Kremp's complaint against HSCMC in Garland County Circuit Court case no. CV-2012-197-I; the complaint alleged causes of action for breach of the implied duty of good faith and fair dealing, as well as defamation. HSCMC filed a motion to dismiss the complaint, arguing that Dr. Kremp's tort claims were barred by the statute of limitations. The circuit court agreed and granted the motion to dismiss in January 2013. Shortly thereafter, Hurst wrote a letter to Dr. Kremp indicating that they would "proceed on the arbitration under the terms of the contract."

In March 2013, Dr. Kremp terminated the services of Hurst and Morrisey, citing their failure to timely advise him of the status of his case. Dr. Kremp informed them that he had spoken to another attorney who had advised that "the statute of limitations has run on my ability to file for arbitration if you have not already done so and that you have committed malpractice in representing me." Dr. Kremp hired new counsel, who wrote to HSCMC in May 2013 and asked to be given the names of arbitrators so that the breach-of-contract claim could be pursued. HSCMC wrote back to Dr. Kremp, stating that it would not do so "because [Dr. Kremp's] breach-of-contract claims are time-barred under Arkansas law." Dr. Kremp subsequently filed a malpractice action, No. CV-2013-209-III, against Hurst and Morrisey in the Garland County Circuit Court.

C.  The Hot Spring County Proceedings

In October 2013, Dr. Kremp filed the complaint that led to the instant appeal. In CV-2013-199-2, filed in the Hot Spring County Circuit Court, Dr. Kremp re-alleged his breach-of-contract claim against HSCMC and asked for specific performance of the arbitration clause in his contract with HSCMC. In addition, Dr. Kremp alleged malpractice on the parts of Hurst and Morrisey for their failure to pursue an arbitration action against HSCMC despite the order to do so in this court's 2008 opinion. Dr. Kremp alleged that, as a result of Hurst and Morrisey's "failure to timely file the . . . arbitration action on or before December 30, 2010 [five years from the date on which HSCMC terminated the Professional Services Agreement], and their failure to inform the plaintiffs they were not going to do so, the plaintiffs' breach-of-contract lawsuit became subject to a statute-of-limitations defense and an estoppel defense."

Hurst and Morrisey filed separate motions to dismiss pursuant to Arkansas Rule of Civil Procedure 12(b)(8), citing the pendency of the Garland County malpractice action. HSCMC filed its own motion to dismiss, asserting that Dr. Kremp's attempt to arbitrate the breach-of-contract claim was barred by the applicable statute of limitations.

After a hearing, the Hot Spring County Circuit Court entered an order granting all of the motions to dismiss. In doing so, the court reached the following conclusions of law:

> 1.  The statute of limitations in Arkansas for actions on a written contract—Ark. Code Ann. § 16-56-111—is not applicable to the arbitration clause in the Professional Services Agreement between Kremp and HSCMC.
>
> 2.  HSCMC's Motion to Dismiss should be GRANTED because Kremp has waived his right to arbitrate his breach-of-contract claim against HSCMC. Factors

SLIP OPINION

considered by the Court in deciding that Kremp has waived the right to arbitrate included the length and extent of litigation between the parties, the party availing itself of the opportunity to litigate, and the prejudice to HSCMC for the delay by Kremp in requesting arbitration.

3. The Motions to Dismiss filed by the Hurst Defendants and the Morrisey Defendants should be GRANTED due to the pendency of the Garland County lawsuit.

Following the circuit court's order, Hurst and Morrisey filed a notice of appeal, seeking to challenge the circuit court's dismissal of the complaint against HSCMC on the grounds that an arbitrator, rather than the circuit court, should have decided whether the statute of limitations had expired and whether Dr. Kremp had waived his right to arbitrate.

## II. *Analysis*

In their brief, Hurst and Morrisey repeatedly stress that the crux of their argument on appeal is that "it is not for a court to determine whether the passage of time constitutes a waiver of the right to arbitrate but, rather, that any such decision lies solely with the arbitrator." They further state that "it should be an arbitrator [who] should determine whether or not a defendant can equitably estop a plaintiff from litigating a breach-of-contract issue that is over five years old." They insist that this court "must reverse the lower court's decision and require that this entire matter be submitted to arbitration, including the limitations/waiver issues." They cite federal courts as holding that "the question whether an action is time-barred due to a state statute of limitations is a question for the arbitrator, not the courts" and that "any limitations defense—whether stemming from the arbitration agreement, arbitration association rules, or state statute—should be determined by the arbitrator." In conclusion, Hurst and Morrisey flatly state that "[t]he error committed by the

5

circuit court in this case is, simply, not submitting the questions of both the statute of limitations and the waiver argument to the arbitrator for a decision."

This argument, however, is not preserved for our review, because the circuit court never ruled on it. It is an appellant's burden to obtain a ruling to preserve an issue for appeal, and the failure to do so precludes our review. *Tillman v. Raytheon Co.*, 2013 Ark. 474, 430 S.W.3d 698; *Neal v. Sparks Reg'l Med. Ctr.*, 2012 Ark. 328, 422 S.W.3d 116. Here, the circuit court based its dismissals on very specific grounds: with respect to HSCMC's motion, the court found that Dr. Kremp waived his right to arbitrate; with respect to Hurst and Morrisey's motions, the court found that another suit on the same subject matter was pending in Garland County. The court never mentioned or considered the issue of whether it or the arbitrator should determine the statute-of-limitations and waiver issues. In *TEMCO Construction, LLC v. Gann*, 2013 Ark. 202, 427 S.W.3d 651, our supreme court explained as follows:

> In summary, we reiterate that the motion to dismiss was based on several grounds, yet the circuit court granted dismissal based on only one of those several grounds—that the complaint was barred by statute, specifically section 18-44-115(a)(4), due to TEMCO's failure to give sufficient notice. That is the only ruling the circuit court made. TEMCO argues reversal based on other arguments that were raised below, but not ruled on. As Appellant, it was TEMCO's burden to obtain or insist on rulings on issues it desired to have reviewed on appeal. *See Meador v. Total Compliance Consultants, Inc.*, 2013 Ark. 22, 425 S.W.3d 718; *see also Ghegan & Ghegan [v. Barclay]*, 345 Ark. 514, 49 S.W.3d 652 [(2001)]. [*Arkansas Lottery Commission v.] Alpha Marketing*[, 2012 Ark. 23, 386 S.W.3d 400,] and *Ground Zero [Construction., Inc. v. Walnut Creek LLC*, 2012 Ark. 243, 410 S.W.3d 579,] are very clear that this court will not presume rulings based on a trial court's silence. *Ghegan & Ghegan* is very clear that we will not presume a ruling based on a trial court's general observations. This court is bound to follow these cases and is therefore precluded from reaching the merits of the arguments raised in this appeal[.]

*TEMCO*, 2013 Ark. 202, at 14, 427 S.W.3d at 660. Because the circuit court here did not make a ruling on the sole issue urged on appeal by Hurst and Morrisey, we are unable to consider and decide the merits of their argument, and we must therefore affirm.

Affirmed.

KINARD and HOOFMAN, JJ., agree.

*Q. Byrum Hurst, P.A.*, by: *Q. Byrum Hurst*, for appellants.

*Friday, Eldredge & Clark, LLP*, by: *Bruce B. Tidwell*, for appellee Hot Spring County Medical Center.