RAYMOND R. ABRAMSON, Judge
Appellants Connie and Richard Watkins bring this appeal, which stems from a long-standing dispute regarding Paragould Light & Water Commission's (PLWC) tree trimming around their property. During the dispute, PLWC engaged licensed land surveyor Bradley P. Hancock and his business Bradley P. Hancock Surveying and Mapping (collectively "Hancock") to perform a land survey. Hancock's survey located certain trees that appellants understood to be on their property as being beyond its boundaries. Appellants believe Hancock's survey was maliciously and fraudulently performed and filed two complaints against Hancock-one in 2007 and one in 2014-with the Arkansas State Board of Licensure for Professional Engineers and Professional Surveyors (ASBL). The ASBL dismissed both complaints.
In this lawsuit, appellants, who are proceeding pro se, sued based on the handling of their complaints against Hancock and allege that each of the parties sued engaged in a conspiracy to conceal fraud perpetrated by Hancock. Appellants have sued Hancock, several state agencies, three employees of those agencies, four members of a state board, and the state attorney who advised the agencies. Those who were sued responded to the complaint with motions to dismiss on several grounds. The circuit court granted the motions to dismiss. Appellants appeal and raise several arguments in support of reversal. We hold that there is no merit to appellants' arguments and affirm the circuit court's order dismissing their complaint.
*819 I. Background and Procedural History
Nearly twenty years ago, appellants and PLWC first clashed regarding the method in which PLWC was trimming trees on appellants' property during its power-line maintenance. The dispute escalated in 2006. It was then that PLWC commissioned Hancock to perform a land survey that included appellants' property. The Hancock survey, unlike previous surveys, determined that certain trees adjacent to the southern fence of appellants' property were beyond the southern bounds of their property. Appellants challenged the validity of the Hancock survey from the outset, claiming Hancock was prejudiced against them and that he made the deliberate choice to satisfy a known government adversary of theirs when he performed his survey.
In November 2006, PLWC came to the area to trim trees that the Hancock survey identified as being outside appellants' boundary line. An altercation followed, and Mrs. Watkins was ultimately arrested and charged with disorderly conduct. She was later convicted of disorderly conduct in the Greene County Circuit Court. Mrs. Watkins appealed her conviction to our court, and we affirmed. See Watkins v. State , 2010 Ark. App. 85, 377 S.W.3d 286.
After the confrontation, PLWC filed a petition in the Greene County Circuit Court seeking to enjoin appellants from interfering with or harassing its workers during their maintenance of power lines. In its petition, PLWC stated that it owned or had acquired a prescriptive easement over the appellants' property for the purpose of maintaining power lines. Appellants responded with a voluminous counterclaim against PLWC, which included causes of action for breach of contract, intentional torts, and civil-rights violations. Ultimately, the circuit court granted PLWC's request for an injunction, found that PLWC was entitled to a right-of-way easement by prescription, and denied all relief requested by appellants. On appeal, our court affirmed the circuit court's decision. Watkins v. Paragould Light & Water Comm'n , 2016 Ark. App. 432, 504 S.W.3d 606.
In February 2007, appellants filed a complaint against Hancock with the ASBL, seeking to have Hancock sanctioned for his actions with regard to the survey. The ASBL dismissed this complaint against Hancock. Appellants call the ASBL's refusal to sanction Hancock "contrary to all evidence" and claim that the ASBL's findings were "lies" and that the dismissal of their complaint was "baseless, of bad faith, and false." Essentially, they claim that the dismissal of their complaint was the result of a conspiracy against them.
In February 2014, appellants filed a second complaint with the ASBL against Hancock. In this complaint, they alleged that they had learned of fraud committed in connection with Hancock's survey. The ASBL ultimately dismissed the 2014 complaint.
After the ASBL refused to sanction Hancock in 2014, appellants filed this lawsuit on August 28, 2015, in the Pulaski County Circuit Court. They sued Hancock, three state agencies-the ASBL, the Arkansas Department of Agriculture, and the Arkansas Division of Land Surveys. They also sued three state-agency employees-Everett Rowland, James Atchley, and Steve Haralson; four members of the ASBL-Ronald Hawkins, Nora Moses, James Engstrom, and Robert Holloway; and the state attorney who advised the agencies-Brandon Robinson-in their individual capacities. Rowland, Atchley, Haralson, Hawkins, Moses, Engstrom, Holloway, and Robinson are often referred to as the individual capacity defendants (ICDs).
*820 Appellants' complaint spans 191 pages, includes 195 pages of exhibits, and raises twenty-eight causes of action including fraud, defamation, violations of criminal statutes, violations of administrative statutes, and § 1983 actions. The complaint is lengthy, chaotic, inartfully written, and at times, practically unintelligible. It is replete with speculative and conclusory allegations. But the essence of the complaint is that each of these parties colluded to conceal fraudulent actions taken by Hancock. By way of example, appellants frequently reference Hancock's "fraudulent survey" and PLWC's "malicious plan." They also allege the ASBL "created malicious falsified record " to "minimize and conceal the overwhelming clear evidence against Hancock and Hancock's clear misconduct and fraud, advance the interests of PLWC AND to incriminate, with defamation Connie Watkins ." (Emphasis in original.)
In September 2015, the Arkansas Attorney General filed a motion to dismiss on behalf of the state agencies, the employees of those agencies, the state board members, and the attorney advising those agencies. In the motion, several defenses were raised including that appellants' claims were barred by the applicable statutes of limitation, that appellants failed to state a claim for relief, and that these parties were immune from suit. Similarly, Hancock filed a motion to dismiss for reasons including the failure to state a claim for relief.
The circuit court held a hearing on March 22, 2016. To appellants' extreme dissatisfaction, the circuit court announced from the bench its rulings on all pending motions without allowing argument. The circuit court granted Hancock's motion to dismiss. The circuit court also granted the motion to dismiss filed by the Attorney General, finding that appellants' claims were barred by the applicable statutes of limitation and that their complaint failed to state a claim for which relief could be granted. An order dismissing appellants' complaint with prejudice was entered on April 29, 2016.
Appellants filed numerous posttrial motions with the circuit court. Posttrial motions relevant to this appeal begin with the appellants' April 1, 2016 filing of a motion to recuse, which the circuit court denied. Appellants also filed two Rule 60 motions to vacate on May 13, 2016. The Rule 60 motions requested that the circuit court vacate the April 2016 dismissal order and again asked the circuit court to recuse. These motions were deemed denied on June 12, 2016, and the circuit court entered an order denying the motions on June 20, 2016. Appellants filed a timely notice of appeal on July 12, 2016, appealing several orders, including the deemed denial of the Rule 60 motions, the June 20 orders denying those motions, the April 2016 order of dismissal, and the May 2016 order denying the motion to recuse.
Appellants continued to file pleadings with the circuit court. Importantly, in October 2016, appellants filed a motion and affidavit of newly discovered facts relating to what they believed were unauthorized costs being assessed by the Pulaski County Circuit Clerk. They also filed a Rule 60 motion alleging a prejudicial clerk note. The circuit court never ruled on these motions.
In this appeal, appellants make numerous arguments seeking to reverse the circuit court's dismissal order. From the outset, it is clear that we are procedurally barred from addressing several of these arguments. We also note that this appeal poses some unique challenges. Appellants' arguments are often practically incomprehensible because they are poorly developed and citations to relevant authority *821 are rare. The burden is on appellants to demonstrate error and to bring up a record that so demonstrates. RAD-Razorback Ltd. P'ship v. B. G. Coney Co. , 289 Ark. 550, 713 S.W.2d 462 (1986). Our court will not make appellants' argument for them or consider an argument that is not properly developed. Teris, LLC v. Chandler , 375 Ark. 70, 289 S.W.3d 63 (2008). Thus, in instances where appellants' argument is unclear, we do not address it.
The fact that appellants have chosen to represent themselves does not allow us to give special consideration to their case. Appellants' right to represent themselves carries with it concomitant responsibilities, and pro se appellants receive no special consideration of their argument and are held to the same standard as licensed attorneys. Elder v. Mark Ford & Assoc. , 103 Ark. App. 302, 304, 288 S.W.3d 702, 704 (2008).
II. Dismissal of the Fraud and Defamation Claims and the ICDs
In appellants' first point on appeal, they seem to be making three arguments in support of reversal. Those arguments are that (1) the absence of written findings by the circuit court requires reversal, (2) it was error to dismiss their fraud and defamation claims, and (3) it was error to dismiss the claims against the defendants sued in their individual capacities.
Our court reviews a circuit court's order granting a motion to dismiss using a de novo standard of review. Jackson v. Nationstar Mortgage, LLC , 2016 Ark. App. 473, 505 S.W.3d 713. In our review, we treat the facts alleged in the complaint as true and view them in the light most favorable to the appellant. See Davenport v. Lee , supra ; Goff v. Harold Ives Trucking Co. , 342 Ark. 143, 27 S.W.3d 387 (2000).
A. The Absence of Written Findings
We begin by summarily disposing of appellants' argument that the circuit court "erred in not making determinations required by law on [their] 28 causes of action." Our rules of civil procedure do not mandate that written findings of fact or conclusions of law be issued when decisions are made on motions. See Ark. R. Civ. P. 52(a). In fact, the circuit court was not even required to hold a hearing before ruling on these pending motions. We affirm on this point.
B. The Dismissal of the Fraud Claims
Next, appellants argue that the circuit court erred by dismissing their causes of action for fraud. Appellants asserted two fraud claims-Claims IV and VI-in their complaint. Claim IV was against Hancock, and they allege Hancock colluded with PLWC and the local prosecuting attorney by preparing a fraudulent survey of their land in 2006, which resulted in Connie Watkins's conviction for disorderly conduct. Claim VI was against Everett Rowland, a state land surveyor. In Claim VI, appellants allege that from 2007 to 2011, Rowland concealed his involvement in their "oppression," aided Hancock, and influenced the ASBL all while telling appellants that their interests were safe and being considered.
A successful claim for fraud involves (1) a false representation of a material fact; (2) knowledge that the representation is false or that there is insufficient evidence on which to make the representation; (3) intent to induce action or inaction in reliance on the representation; (4) justifiable reliance on the representation; and (5) damage suffered as a result of the reliance. Lane v. Rachel , 239 Ark. 400, 389 S.W.2d 621 (1965).
*822 Arkansas Rule of Civil Procedure 9 requires that in claiming relief based on fraud, "the circumstances constituting fraud ... shall be stated with particularity." Moreover, our caselaw provides that fraud must be specifically alleged, and a complaint must state something more than mere conclusions and must clearly set forth the facts relied on as constituting fraud. Woodend v. Southland Racing Corp. , 337 Ark. 380, 989 S.W.2d 505 (1999).
The statute of limitations for fraud is three years. Ark. Code Ann. § 16-56-105 (Repl. 2005). Importantly, the alleged wrongdoing in this case occurred more than three years before August 2015 when the lawsuit was filed. The limitations period begins to run when the wrong occurs unless the wrong has been concealed. Hampton v. Taylor , 318 Ark. 771, 887 S.W.2d 535 (1994). In instances of concealment, the statute of limitations is suspended until the party having the cause of action discovered or should have discovered the fraud. SEECO v. Hales , 341 Ark. 673, 22 S.W.3d 157 (2000).
Appellants contend that their claims were not barred by the three-year statute of limitations because there was fraudulent concealment. It is appellants' burden to demonstrate error and bring up a record that so demonstrates, so we rely on their brief for guidance. See RAD-Razorback Ltd. P'ship, supra. Their concealment argument can be summarized as follows: the ASBL maliciously created internal documents that falsified the record to protect Hancock from retribution. These internal documents were created in 2009, but appellants did not learn of them until 2014 when they received them pursuant to a FOIA request. The documents provide a synopsis of appellants' complaint, background information, and the evidence involved. With this introductory information, we turn our attention to the claims themselves.
First, we discuss Claim IV against Hancock wherein appellants allege Hancock colluded with PLWC and the local prosecuting attorney by preparing a fraudulent survey of their land. Appellants claim that the documents discovered in 2014 indicate that Hancock participated in a fraud against them and concealed his participation, thus tolling the statute of limitations. Appellants fail to offer facts as required by Arkansas Rule of Civil Procedure 9 to substantiate their theory that the documents discovered in 2014 implicate Hancock's involvement in a fraud-nor do they bring to light any information regarding Hancock's involvement in their dispute that they did not know about years before 2014. Moreover, appellants do not allege how they relied on Hancock's survey-in fact, this litigation makes clear that they have always refuted Hancock's survey. Accordingly, Claim IV was properly dismissed by the circuit court.
Next, we address Claim VI against Rowland. The allegation seems to be that Rowland insinuated that he was helping appellants when, in fact, he was working against them. The documents uncovered by a FOIA request are insufficient to support an allegation that Rowland engaged in fraud. Irrespective of this, appellants also fail to allege how they relied on any false representation made by Rowland. For these reasons, Claim VI was also properly dismissed.
C. The Dismissal of the Defamation Claim
Now, we turn our attention to appellants' defamation claim. In Claim VIII of their complaint, appellants contend that appellees Atchley and Haralson, employees of the ASBL, defamed Mrs. Watkins. The alleged defamatory statement was *823 written in internal ASBL documents created as a result of appellants' complaint against Hancock. The documents included the statement that Connie had been "convicted of a number of offenses" when in fact she had been convicted of only one criminal offense-disorderly conduct.
The following elements must be proved to support a claim of defamation: (1) the defamatory nature of the statement of fact; (2) the statement's identification of or reference to the plaintiff; (3) publication of the statement by the defendant; (4) the defendant's fault in the publication; (5) the statement's falsity; and (6) damages. Faulkner v. Ark. Children's Hosp. , 347 Ark. 941, 69 S.W.3d 393 (2002).
Here, the defamation claim was properly dismissed because of the absence of facts in the complaint to allege any publication of a purported defamatory statement. In defamation cases, the libelous statement must be published or communicated to a third person to be actionable. Farris v. Tvedten , 274 Ark. 185, 623 S.W.2d 205 (1981). In this instance, the alleged defamatory statements were written by ASBL employees and received by other members of the ASBL. Thus, any dissemination of this information was within a single entity, and no third party was involved. See Roeben v. BG Excelsior Ltd. P'ship , 2009 Ark. App. 646, 344 S.W.3d 93. We affirm the circuit court on this point.
D. The Dismissal of the Claims Against the ICDs
Appellants argue that the circuit court erred by dismissing their claims against the ICDs.
The first argument seems to be a reiteration that the circuit court erred by not specifically naming any of the claims when ruling. We have previously addressed and disposed of this argument. Although this is true, this is not error. See Ark. R. Civ. P. 52(a).
Appellants also complain about the dismissal of several due-process claims based on 42 U.S.C. § 1983. These claims can be characterized as allegations that they were mistreated and denied due process during the investigation of their 2014 complaint against Hancock. To establish a violation of § 1983, a plaintiff must show that the deprivation (1) was a right secured by the United States Constitution and the laws of the United States and (2) was caused by a person or persons acting under the color of state law. Repking v. Lokey , 2010 Ark. 356, 377 S.W.3d 211.
In support of reversal, appellants primarily make speculative and conclusory allegations. They allege a "predetermined shut-down of constitutional rights, with a game plan unknown to Watkins." Appellants further claim that Mrs. Watkins was "harassed ... in malicious sport, with fraud, and prevented due process," "prejudiced ... by slander," "illegally instructed," and "bullied;" and that the ICDs "executed a scripted chilling of Connie Watkins' 1st Amendment speech." They also allege the ASBL employees "furtively acted to deny notice to Watkins' of Hancock's attorney's name, and of the damaging March exparte discussion" between Hancock and the ASBL employees.
It is appellants' burden to demonstrate error on appeal. See RAD-Razorback Ltd. P'ship, supra. After reviewing the complaint and the arguments, we are not persuaded that any of the conduct alleged by appellants amounts to a deprivation of their rights. Therefore, we hold that the circuit court did not err by dismissing these claims and affirm on this point.
*824 III. The Prejudicial Clerk Note
In this point on appeal, appellants attack a clerk note entered on the docket of this case. The clerk note, written on October 19, 2015, stated:
This case was "cleaned" up per request from 6th division. It was filed on August 28th, but the case was entered with some documents out of order or missing on original filing.
Appellants first raised an argument regarding the clerk note in a Rule 60 motion filed on October 10, 2016-nearly six months after the circuit court had entered its dismissal order and after the notice of appeal had been filed. Appellants argued that the circuit court's dismissal order must be set aside because this clerk note amounted to a misprision of the clerk. See Ark. R. Civ. P. 60(c)(3). Appellants claim a deputy clerk entered the note with "known false implication" and that the note indicated "an opinion held and expressed by the court." Essentially, appellants contend that the clerk note indicates a fraud perpetrated against them and the circuit court's predisposition to rule in favor of their adversaries.
We do not reach the merits of this argument because the circuit court never ruled on this motion, and it is an appellant's responsibility to obtain a ruling to preserve an issue for appeal. Meador v. Total Compliance Consultants, Inc. , 2013 Ark. 22, 425 S.W.3d 718.
IV. The Hancock Dismissal
Appellants also seek reversal of the circuit court's order dismissing their claims against Hancock. The only coherent argument we can ascertain on this point is that appellants believe their claims against Hancock were improperly dismissed due to a clerk's error. In support, appellants highlight the language used in Hancock's motion to dismiss, stating that appellants' complaint was "171 pages and 476 paragraphs ... however, no specific cause of action is asserted." In fact, appellants' complaint was 191 pages and 572 paragraphs, and pages 172 through 191 of the complaint included the causes of action against Hancock.
We reject the argument that Hancock's dismissal must necessarily be reversed because his motion to dismiss mentioned the wrong number of pages and paragraphs. In the motion to dismiss, Hancock also sought relief based on appellants' failure to state facts on which relief can be granted. Moreover, the circuit court acknowledged on the record that it had read and considered all pleadings filed by the parties. Appellants have demonstrated no reversible error in conjunction with Hancock's dismissal, and we affirm on this point.
V. The Attorney General's Representation of the ICDs
Among those sued by appellants were three state-agency employees-Everett Rowland, James Atchley, and Steve Haralson; four members of the ASBL-Ronald Hawkins, Nora Moses, James Engstrom, and Robert Holloway; and the state attorney who advised the agencies-Brandon Robinson. Each was sued in his or her individual capacity, and the Attorney General represented each of these ICDs in this litigation.
Throughout the litigation and frequently on appeal, appellants have challenged the authority of the Attorney General to represent these parties. Appellants assert that the Attorney General cannot represent the ICDs because it amounts to the prohibited conduct of the private practice of law. They offer no relevant authority to support their position.
*825 Appellants argue Arkansas Code Annotated section 25-16-701 (Repl. 2014) governs. Section 25-16-701 provides that "the Attorney General shall not engage in the private practice of law, which shall include, but not be limited to, acting as office counsel, participating in litigation, and accepting retainers." Appellants' reliance on this statutory section is misguided because immediately thereafter Arkansas Code Annotated section 25-16-702(a) clearly provides that "the Attorney General shall be the attorney for all state officials, departments, institutions, and agencies. Whenever any officer or department, institution, or agency of the state needs the services of an attorney, the matter shall be certified to the Attorney General for attention." Section 25-16-702(a) specifically authorizes the Attorney General to represent individual defendants who are sued for actions taken in the course and scope of their employment. We affirm on this point.
VI. Dismissal Based on Failure to State a Claim
In this point on appeal, appellants seem to argue that the circuit court erred by granting the Attorney General's motion to dismiss based on failure to state a claim because this defense was waived. This assertion is based on the premise that the Attorney General's motion to dismiss never mentions Rule 12(b)(6) or that appellants failed to allege facts on which relief could be granted. Instead, the Attorney General's motion to dismiss indicates dismissal was sought "for failure to state any legal theory under which they are entitled to relief." Despite the fact that the Attorney General's brief specifically references Rule 12(b)(6) and failure to state facts on which relief can be granted and that appellants responded to those arguments, appellants contend that they were not on notice of the Rule 12(b)(6) defense.
We summarily dispose of this point on appeal. Appellants did not raise this specific argument before the circuit court. An appellant must raise an issue with specificity and make an argument to the circuit court to preserve it for appeal. Greenwood v. Anderson , 2009 Ark. 360, 324 S.W.3d 324. We affirm on this point.
VII. Statute of Limitations
Here, appellants argue that the circuit court erred by dismissing claims XIII-XXVIII of their complaint based on the statute of limitations. This portion of appellants' argument is brief and particularly unfocused.
In yet another example of the chaotic and confusing nature of their brief, appellants begin by repeating a previous argument. They contend that the Attorney General could not represent the ICDs, and accordingly, a motion to dismiss raising the statute-of-limitations defense was not made on their behalf. Based on our discussion in part V of this opinion, this argument is without merit.
Any remaining arguments for reversal on this point are lacking development. Appellants make the conclusory statement that their allegations from 2014 are sufficient to withstand any statute-of-limitations defense. Thereafter, appellants merely direct our attention to their arguments from a previous section of their brief regarding the dismissal of the ICDs for failure to state a claim, which we addressed in part II(D) of this opinion.
We first note that the arguments set forth in the section referenced are not entirely relevant to this point on appeal. That section of appellants' brief addresses only some of the claims they challenge in this point on appeal. We also point out that several of the claims for which appellants seek relief are based on criminal statutes *826 or administrative law-neither of which creates a private cause of action.
Moreover, we have previously rejected appellants' argument advanced in that portion of their brief, determining that the circuit court properly ruled that appellants failed to state a claim on which relief could be granted against the ICDs. Thus, irrespective of whether these claims were filed within the applicable statute of limitations, they were not actionable, and dismissal was proper.
It is appellants' burden to demonstrate error. See RAD-Razorback Ltd. P'Ship , supra. Our court need not address arguments that lack development and citation to authority. See, e.g. , Koch v. Adams , 2010 Ark. 131, at 6-7, 361 S.W.3d 817, 821. Because appellants offer no additional argument for reversal that has been properly developed for our review, we affirm on this point.
VIII. Overcharging
Appellants challenge the amount the Pulaski County Circuit Clerk's office charged them for preparation of the record. Once again, there are jurisdictional issues that preclude us from reaching the merits. Appellants first advanced this argument in a motion filed on October 10, 2016, which was nearly six months after the dismissal order had been entered and after the notice of appeal had been filed. The circuit court never ruled on this motion. Because it is an appellant's responsibility to obtain a ruling to preserve an issue for appeal and that was not done in this instance, we do not reach the merits of this argument. Meador v. Total Compliance Consultants, Inc. , 2013 Ark. 22, 425 S.W.3d 718.
IX. The Denial of the Motion to Recuse
Finally, appellants contend that this case must be reversed because the circuit court erred by denying their motion to recuse. They argue that proof of the circuit court's bias comes from the judge's "words and treatment of this case" on March 22, 2015, "when a scheduled hearing was denied" and "in a manner prejudicing Watkins' in a record where no defendant has shown fault with Watkins' complaint, and each ruling toward dismissal is unsupported by facts clearly on the face of the record." (Emphasis in original.)
Canon 2 of the Arkansas Code of Judicial Conduct provides that a "judge shall perform the duties of the judicial office impartially, competently, and diligently." A judge is presumed to be impartial, and the party seeking recusal must demonstrate bias or prejudice on the part of the judge. Owens v. State , 354 Ark. 644, 128 S.W.3d 445 (2003). On appeal, our court evaluates the denial of a motion to recuse based on whether there has been an abuse of discretion. Ferguson v. State , 2016 Ark. 319, 498 S.W.3d 733.
It is noteworthy that appellants first filed a motion to recuse in April 2016 after the hearing in which the circuit court had ruled adversely to them. Appellants offer several reasons that they believe Judge Fox was biased and should have recused from this matter. Specifically, appellants contend recusal was appropriate because the circuit judge did not state all party names at the hearing, referred to two sides rather than multiple parties, dismissed the case without referencing any of their specific claims, refused argument at the hearing, criticized their complaint, did not grant a default judgment against the ICDs, and did not provide notice of hearing to the ICDs.
We hold that it was not error to deny the motion to recuse. Appellants allege no specific conduct by the circuit court that is indicative of bias. The "mere *827 fact of adverse rulings is not enough to demonstrate bias." Irvin v. State , 345 Ark. 541, 549-50, 49 S.W.3d 635, 641 (2001). Moreover, a circuit court is not required to hold a hearing on pending motions. Accordingly, we hold that appellants failed to show that the circuit court abused its discretion in denying their motion to recuse, and we affirm on this point.
Affirmed.
Gladwin and Murphy, JJ., agree.