James Harold BROOKS  *v.*
FARMERS BANK and TRUST CO.

CA 07-694                                    276 S.W.3d 727

Court of Appeals of Arkansas
Opinion delivered February 20, 2008

*Danny R. Williams*, for appellant.

*Reid, Burge, Prevallet & Coleman*, by: *Richard A. Reid* and *Jeremy M. Thomas*, for appellee.

BRIAN S. MILLER, Judge. Appellant James Brooks appeals from a default judgment entered against him in an action filed by appellee Farmers Bank and Trust Company (the Bank). On appeal, Brooks argues that the trial court abused its discretion when it granted the Bank's motion for default judgment. We agree and reverse and remand for a new hearing.

The Bank filed a complaint against Brooks on September 28, 2006, alleging that Brooks was in default on a loan provided by the Bank. The complaint alleged that Brooks owed the Bank $20,863.69. A lis pendens notice was filed and a summons was issued the same day. The complaint and summons were served on Brooks on October 4, 2006. Brooks, however, failed to respond to the complaint.

Brooks appeared at a hearing on the Bank's complaint, which was held on March 30, 2007. Before offering testimony, the Bank orally moved for a default judgment against Brooks, alleging that he failed to answer the complaint. In response, Brooks moved for a continuance. The trial court denied Brooks's motion and found him in default. The trial court did not permit Brooks to offer a defense as to the Bank's damages, and awarded the Bank $22,990.41 in damages, plus interest of $4.19 per diem.

A trial court's decision to grant a motion for default judgment will not be reversed absent an abuse of discretion. *See Nationwide Ins. v. Ibanez*, 368 Ark. 432, 246 S.W.3d 883 (2007); *Fields v. Byrd*, 96 Ark. App. 174, 239 S.W.3d 543 (2006). When a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend, the trial court may enter a default judgment. Ark. R. Civ. P. 55(a). Default judgments are not favorites of the law and should be avoided when possible. *Volunteer Transp., Inc. v. House*, 357 Ark. 95, 162 S.W.3d 456 (2004). A default judgment should only be granted when strictly authorized and when the party affected should clearly know he is subject to default if he does not act in a required manner. *Southeast Foods, Inc. v. Keener*, 335 Ark. 209, 979 S.W.2d 885 (1998).

Brooks argues two points on appeal in support of his contention that the trial court abused its discretion when it granted the Bank's motion for a default judgment. He argues that the trial court erred in granting a default judgment because the complaint failed to show a specific basis for relief and because the court was required to provide him three days' notice before hearing the Bank's motion for a default judgment. We will not address Brooks's first point because we find merit in his second point, and we reverse and remand based on that point.

The trial court abused its discretion by granting the Bank's motion for a default judgment without first allowing Brooks's three days' notice to prepare a defense to the motion. Arkansas Rule of Civil Procedure 55(b) provides that if the party against whom judgment by default is sought has appeared in the action, he shall be served with written notice of the application for judgment at least three days prior to the hearing on such application. Rule 55(b) does not require that notice of a hearing be given to a defaulting defendant who has not appeared. *McGraw v. Jones*, 367 Ark. 138, 238 S.W.3d 15 (2006). The word "appearance" designates some overt act by which a party against whom a suit has

been commenced submits himself to the jurisdiction of the court. *Divelbliss v. Suchor*, 311 Ark. 8, 841 S.W.2d 600 (1992).

In this case, Brooks personally appeared at the March 30 hearing, which is an overt act submitting himself to the court's jurisdiction. His appearance was made before the Bank orally moved for a default judgment. Consequently, the court was required by Rule 55(b) to give him three days notice before hearing the Bank's default motion. Further, the court also erred in failing to permit Brooks to defend against the Bank's damages evidence. For these reasons, the trial court abused its discretion when it granted the Bank's motion for default judgment and we reverse and remand. The trial court is instructed to proceed according to this opinion should it conduct a second default-judgment hearing.

Reversed and remanded.

PITTMAN, C.J., and GLOVER, J., agree.