2014 Ark. App. 382

**SHELBY COUNTY HEALTH CARE CORPORATION d/b/a Regional Medical Center, Appellant**

v.

**Jessica TEAGUE, Appellee.**

**No. CV–13–867.**

Court of Appeals of Arkansas.

June 18, 2014.

Lauck Law Firm, P.A., by: Scott G. Lauck and Chester H. Lauck, III, for appellant.

Andrea Brock, P.A., Forrest City, by: Andrea Brock, for appellee.

BILL H. WALMSLEY, Judge.

Shelby County Health Care Corporation d/b/a Regional Medical Center ("the Med") appeals from an order for default judgment entered on June 6, 2013, and the denial of its motion to set aside the default judgment. Because the trial court prematurely granted the default judgment, we reverse and remand this case for further proceedings.

On April 21, 2006, Jessica Teague, a resident of Arkansas, was involved in an automobile accident in Arkansas. She was transported to the Med in Memphis, Tennessee, where she remained hospitalized until May 3, 2006. Following Teague's release, the Med perfected a hospital lien in the amount of $192,645.33, which represented the total cost of her care. Teague, however, was billed for only $676.92.

Teague entered into a settlement with the insurance company of the third-party tortfeasor in which she received $125,000. The Med claimed entitlement to one-third of the proceeds of the settlement pursuant to Tenn.Code Ann. § 29–22–101(a) and (b), which provides that a hospital lien applies to all reasonable and necessary charges but limits the lien to no more than one-third of any settlement or judgment against a third-party tortfeasor.

On August 29, 2006, Teague filed a petition for declaratory judgment in Arkansas asking the trial court to find that the maximum lien that the Med could collect was for the amount it billed her—$676.92. On September 11, 2006, Gary McCullough, an attorney not licensed to practice law in Arkansas, filed a special appearance and motion to dismiss on behalf of the Med challenging personal jurisdiction. The trial court denied the motion to dismiss. The Med, by and through its Tennessee attorney, answered Teague's amended petition on December 18, 2006.

Aside from a deposition taken in March 2007, there was no activity in this case for several years. On September 25, 2012, the trial court notified counsel for the parties that, unless it received a response within thirty days, the case would be dismissed pursuant to Arkansas Rule of Civil Procedure 41(b) because it had been inactive for more than one year. Counsel for Teague requested a trial.

This matter was set for trial on December 3, 2012. At the hearing, counsel for Teague made an oral motion to declare the Med's pleadings a nullity because they had not been signed by an attorney licensed to practice law in Arkansas. The trial court took the motion under advisement and allowed the parties to submit posttrial briefs on the issue. In Teague's posttrial brief, she again asked the court to declare the pleadings filed by Gary McCullough a nullity, and she also requested that the trial court enter a default judgment on her behalf. The Med opposed this action in its posttrial brief.

**76**

On June 6, 2013, the trial court declared the pleadings signed by Tennessee counsel a nullity and entered an order for default judgment. On June 13, 2013, local counsel for the Med filed a motion to set aside the default judgment. Thirty days passed, and the motion was deemed denied pursuant to Ark. R.App. P.–Civ. 4(b)(1). This appeal followed.

■ We reverse the trial court's order for default judgment because Teague did not properly make an application for default judgment. Arkansas Rule of Civil Procedure 55(b) provides that "the party entitled to a judgment by default shall apply to the court therefor," and further reads that, "if the party against whom judgment by default is sought has appeared in this action, he shall be served with written notice of the application for judgment at least three days prior to the hearing on such application." Arkansas Rule of Civil Procedure 7(b)(1) provides in pertinent part that "an application to the court for an order shall be by motion." At the hearing on December 3, 2012, Teague merely made an oral motion to strike the Med's answer because its attorney was not licensed to practice law in Arkansas. No motion for default judgment was ever made by Teague, as her request for an order of default judgment was made only in a posttrial brief. In addition to the lack of a motion for default judgment, the trial court should not have entertained a motion for default until the Med was given notice three days prior to a hearing on the application.

■ Default judgments are not favored in the law. *Brooks v. Farmers Bank & Trust Co.*, 101 Ark.App. 359, 276 S.W.3d 727 (2008). A default judgment should only be granted when strictly authorized and when the party affected should clearly know he is subject to default if he does not act in the required manner.

*Id.* The argument in support of default judgment presented by Teague in her posttrial brief failed to comply with the rules regarding application for default judgment and is insufficient to qualify as an application for such judgment.

Because the trial court prematurely granted an order for default judgment, we reverse and remand this case for further appropriate proceedings. Given the resolution of this issue, we need not address the remaining issues raised on appeal.

Reversed and remanded.

HARRISON and WYNNE, JJ., agree.