SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-15-855

| | | |
|---|---|---|
| JAMES BYRD | | **Opinion Delivered** October 19, 2016 |
| | APPELLANT | |
| | | APPEAL FROM THE MADISON COUNTY CIRCUIT COURT [NO. CV-2014-071] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE DOUG MARTIN, JUDGE |
| | | REVERSED |

## CLIFF HOOFMAN, Judge

Appellant James Byrd appeals the entry of a default judgment against him and in favor of the State in this civil-forfeiture case regarding a vehicle and currency. Appellant argues that (1) the State failed to properly serve him with the forfeiture complaint such that the trial court should have dismissed the complaint; (2) there was no application for a default or written notice provided to appellant as required by Ark. R. Civ. P. 55, requiring reversal; and (3) the trial court erred by not permitting appellant ten days to respond after the motion to dismiss was denied before ruling summarily that default would be entered. Although the trial court correctly determined that proper service was effected, we hold that the trial court erred in entering a default judgment in the absence of a request for a default and in the absence of compliance with Ark. R. Civ. P. 55. Because we reverse the entry of default

judgment, we need not address appellant's third argument on appeal.

The facts are as follows. Appellant James Byrd was driving a 2011 Mazda four-door hatchback automobile that was pulled over by Madison County Sheriff's deputies on June 5, 2014. This led to a search of the car and Byrd's person, which revealed a quantity of marijuana, drug paraphernalia, and $840 in currency. The State seized the money and the car. Joseph J. Moore was also in the car, and the State seized $1,812 from him.

On August 11, 2014, the State filed an "In Rem Complaint for Forfeiture of Seized Items" in Madison County Circuit Court, listing as defendants "$840.00 in U.S. Currency, 2011 Mazda VIN #JM1BL1K51B1378968, and James Byrd." The case had docket number CV2014-71. The complaint asked that the currency and vehicle be forfeited to the State.[1] The proceeding was initiated under Ark. Code Ann. § 5-64-505(g)(1)(A) (Repl. 2016), which requires the prosecuting attorney to file a complaint with the circuit clerk of the county where the property was seized and to serve "the complaint on all known owners and interest holders of the seized property in accordance with the Arkansas Rules of Civil Procedure." A summons was issued to appellant. The proof of service filed with the circuit clerk indicated service in the following manner: "Defendant's counsel, Wendy Howerton, accepted service by hand

---

[1] Another complaint was filed by the State on August 11, 2014, docket number CV2014-72, captioned with reference to Joseph J. Moore and $1,812 in currency.

delivery on September 9, 2014, from counsel for the State." The State's attorney was Deputy Prosecuting Attorney for the Fourth Judicial District, Joel Cape.

On October 9, 2014, attorney Howerton filed an answer to the in rem complaint on behalf of appellant in CV2014-71, with the caption containing appellant's name, the $840 in currency, and the Mazda vehicle. The answer denied all material allegations in the forfeiture complaint, and responded to each of the paragraphs in the State's complaint. The answer included the following paragraph:

> 11. Defendant states that the Complaint herein should be dismissed as the State has failed to meet its requirements under Ark. Code Ann. § 5-64-505 et seq., that the State has failed to state a claim upon which relief can be granted under Rule 12(b)(6), it should be dismissed for insufficiency of service and service of process; that the search and seizure of Defendant's person are unconstitutional, and Defendant reserves the right to assert any and all defenses which may become available or known upon further discovery, and amend this Answer or file a counter-complaint should further discovery warrant.

The prayer clause asked that the complaint be dismissed and for all other proper relief. Appellant provided a notarized signature acknowledging the contents of the answer, which acknowledgment was made part of the answer.

On June 8, 2015, a bench trial was conducted. At the outset, the trial judge agreed to hear preliminary motions.

Appellant's attorney asserted that appellant was served with a proper summons related to this money and this vehicle in CV2014-71, but the accompanying complaint was different. Appellant's attorney alleged that what had been delivered was a

complaint under a different docket number, CV2014-72, as to a different defendant, Joseph J. Moore, and different currency, $1,812. Nonetheless, appellant's attorney stated that appellant was aware of the correct complaint and was prepared to address his defensive motions and even defend on the merits. Given the failure to serve the proper complaint, appellant argued that the forfeiture proceeding had to be dismissed for failure to file the complaint within 120 days of the property's seizure, as required by statute, purportedly under the 12(b)(6) aspect of the motion to dismiss.

The prosecuting attorney expressed confusion about which motion he might be responding to, but in any event, he argued that the summons and complaint were served by hand delivery to appellant's defense attorney, as shown by the return of service. He added that the answer appellant filed corresponded to the proper docketed case number, the properly captioned complaint, each paragraph of the complaint, and the answer was acknowledged by appellant himself. The State stood on its service. The State also argued that as to the proper complaint that it served, appellant had not included in his answer a statement describing the ownership of the Mazda as required by the forfeiture statute such that appellant had no standing to object to the forfeiture.

The trial judge initially stated that service was proper, reciting the proof of service and the fact that appellant filed an answer to the correct complaint under the correct docket number and caption. The trial judge also stated that the State filed its complaint within 120 days of the seizure as required by Ark. Code Ann. § 5-64-

SLIP OPINION

505(g)(3)(B), regardless of whether service was proper, so the Rule 12(b)(6) motion was denied. After hearing further argument, the trial court decided to proceed to make a record regarding service and make a ruling on that issue. The judge recalled that this was appellant's motion and that appellant had listed the defenses of insufficiency of service and service of process.

At the outset, appellant's attorney maintained that appellant was served the complaint in CV2014-72 and that was the complaint answered by appellant. Appellant's attorney stated on the record, "just to save everyone trouble, it's not how the items were served, Your Honor, that we're disputing. . . .What matters is what was served." Appellant testified in line with his attorney's assertions, that he was served with a complaint but that it was as to Mr. Moore's case, CV2014-72.

The assistant to the prosecutor, Shailee Ledbetter, testified for the State. Ledbetter prepared three different summonses and complaints as to three defendants: Mr. Byrd, Mr. Moore, and Mr. Donaldson. She gave copies of all those to the prosecutor, and she observed the prosecutor ask appellant's attorney if she would accept service on behalf of her clients, and she said yes. Ledbetter saw the prosecutor hand the documents to appellant's attorney, and she said that she was the one who completed the proof-of-service form.

The trial court concluded that appellant received the proper complaint, but by his own testimony, his filing was an answer to a completely separate forfeiture case.

The trial judge noted that the prosecutor had attacked the answer that was filed in this case by saying it was not compliant with the forfeiture statute's mandatory statement of interest by anyone defending against the forfeiture, leading into the next statutory section that then permits the prosecutor to move for default judgment. The trial judge stated:

> I suppose I'm jumping ahead a bit because I initially started this by saying this was strictly going to be our hearing on service and Rule 4, but I believe [the prosecutor] has made it clear that that's his position, and I think I'm bound to grant that default judgment.

Appellant's attorney responded that appellant had in fact filed an answer and that "if nothing else [the prosecutor] has not made any motion for a default judgment." The judge said that he "may have jumped the gun on whether or not the State has made a motion for default judgment," but that even though he found that the summons and complaint in appellant's case was served, appellant insisted that he had filed an answer only as to a different case. Appellant's attorney asked whether "the Court's position is that my client received the proper complaint and purposely answered a different one?" The judge said, "Yes," stating that it was unbelievable that appellant had received the wrong complaint. Appellant's attorney remarked that the judge had ruled in favor of the State on a motion for default judgment that it had not made. The prosecutor stated that after starting with the issue of service of process, "I'm not sure in the interim if additional motions were made. I'm not sure if I really ever got a

chance to make a motion. If I have a chance, I guess I would like to." The trial judge

then said:

> Well, I think I can – the court can do that on its own. I don't know whether the record is going to reflect that the State made that motion or not, but yes, the end result here is that I'm granting the State a default judgment.

Appellant's counsel proffered the testimony of appellant's mother, Vera Byrd,

through an affidavit. In it, Ms. Byrd averred that she was the rightful owner of the

Mazda and had no knowledge, nor could she or should she have known, of any drugs

being transported in her vehicle.

In the "Order and Default Judgment" that followed, the trial court ruled that

during the hearing, the State made an oral motion for default judgment and the trial

court sua sponte considered whether default had occurred. The order made the

following findings pertinent to this appeal:

> 3. Plaintiff's Complaint was filed in compliance with Ark. Code Ann. § 5-64-505(g) and the Madison County Circuit Clerk issued a valid Summons for service.
> 4. Defendant's attorney, Wendy Howerton, accepted service of the Summons and Complaint in person on September 9, 2014, *via hand delivery* from the Plaintiff's attorney, Joel E. Cape.
> 5. The Plaintiff accomplished valid service of process of the Summons and Complaint in compliance with Rule 4 of the Arkansas Rules of Civil Procedure.
> 6. The Defendant did not file an Answer in this lawsuit, but instead filed an Answer to the forfeiture lawsuit of his criminal co-Defendant, Joseph Moore, on October 10, 2014.
> 7. The Defendant has never filed an Answer to this lawsuit in compliance with Ark. Code Ann. § 5-64-505(g)(4).

8. Plaintiff's Complaint states a claim under Ark. Code Ann. § 5-64-505 *et seq.* and Defendant's motion to Dismiss under Rule 12(b)(6) for Failure to State a Claim is hereby DENIED.

9. Plaintiff accomplished valid service of process and Defendant's motion for Insufficiency of Service of Process is hereby DENIED.

10. Plaintiff's Complaint meets the requirements of Ark. Code Ann. § 5-64-505 *et seq.* and Defendant's motion for failure to comply with the requirements of Ark. Code Ann. § 5-64-505 *et seq.* is hereby DENIED.

11. The State's motion for default judgment is GRANTED.

Appellant did not file any posttrial motions. A timely notice of appeal followed the entry of judgment.

We first address whether the trial court erred in denying appellant's motion to dismiss on the allegation of improper service. Service of valid process is necessary to give a court jurisdiction over a defendant. *Jones v. Turner*, 2009 Ark. 545, 354 S.W.3d 57. When there has been no proper service, and therefore no personal jurisdiction over the defendant of a case, any judgment is void ab initio. *State v. West*, 2014 Ark. 174. Our appellate courts review a circuit court's factual conclusions regarding service of process under a clearly erroneous standard, but on questions of law we conduct a de novo review. *McMahan v. Ark. Dep't of Human Servs.*, 2014 Ark. App. 590, 446 S.W.3d 640.

Appellant presents two primary arguments under the general umbrella that the trial court erred in finding that service of process had been completed: (1) the prosecuting attorney was not authorized by the rules of civil procedure to serve the summons and complaint on appellant; and (2) appellant's testimony that he was served

the wrong complaint was not refuted. Appellant fails to demonstrate reversible error.

Appellant's argument pertaining to the prosecutor's authority to serve process is raised for the first time on appeal and is thus not preserved for appellate review. *Baptist Health v. Murphy*, 365 Ark. 115, 226 S.W.3d 800 (2006). We do not reverse on an issue not presented to the trial court. *Hubbard v. Shores Grp., Inc.*, 313 Ark. 498, 503, 855 S.W.2d 924, 928 (1993); *Viking Ins. Co. v. Jester*, 310 Ark. 317, 836 S.W.2d 371 (1992).

Appellant's argument that "there was no testimony to refute Byrd's that he was served the wrong complaint" does not persuade. The return of service is prima facie evidence of service. *Unknown Heirs of Warbington v. First Cmty. Bank*, 2011 Ark. 280, 383 S.W.3d 384. Whether service was accomplished in this case is a question of fact, and the credibility of the evidence to rebut proof of service was a matter for the circuit court to decide. *Id*. The trial court simply did not believe appellant when he claimed to have been served with another man's forfeiture complaint instead of the correct one. The trial court was free to credit the proof of service provided by the State and the testimony presented by the State that the proper summons and complaint had been were served.

Appellant adds to his appellate argument that the complaint should have been dismissed with prejudice as to his mother Vera Byrd because she was never served. This, too, is raised for the first time on appeal and is therefore not properly before us.

*Hunter v. State*, 330 Ark. 198, 952 S.W.2d 145 (1997). Parties may not change their argument on appeal and are limited to the scope and nature of their arguments made below. *Id.* We hasten to add that Ms. Byrd was not a party to the forfeiture action, nor is she a party to this appeal. In sum, we reject appellant's arguments regarding service of process.

Next, we consider appellant's argument that the trial court erred in granting default judgment to appellee because there was never an application for default or written notice to appellant as required by Ark. R. Civ. P. 55. We agree with appellant that the trial court erred and reverse on this basis.

Pursuant to the forfeiture statute at Ark. Code Ann. § 5-64-505(g)(5)(A), "[i]f the owner or interest holder fails to file an answer as required by subsection (g)(4) of this section, the prosecuting attorney may move for default judgment pursuant to the Arkansas Rules of Civil Procedure."[2] Arkansas Rule of Civil Procedure 55 governs default judgments, and it provides as follows:

> (a) When Entitled. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, judgment by default may be entered by the court.
> (b) Manner of Entering Judgment. *The party entitled to a judgment by default shall apply to the court therefor*, but no judgment by default shall be entered against an infant or incompetent person. *If the party against whom judgment by default is sought*

---

[2]Because we dispose of this appeal by reversing the entry of default judgment on procedural grounds, we express no opinion on whether the answer filed by appellant justified the application of this statute.

*has appeared in the action, he (or if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application.* If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings as it deems necessary and proper and may direct a trial by jury.

(Emphasis added.)

Default judgments are not favored in the law and should be avoided when possible. *Volunteer Transp., Inc. v. House*, 357 Ark. 95, 162 S.W.3d 456 (2004). A default judgment should be granted only when strictly authorized and when the party affected should clearly know he is subject to default if he does not act in a required manner. *Se. Foods, Inc. v. Keener*, 335 Ark. 209, 979 S.W.2d 885 (1998).

In this case, the trial court sua sponte moved this forfeiture case toward a default judgment and did so in the absence of a request by the prosecutor. The party that is seeking the default shall apply, and as is obvious from the proceedings in open court, the State had not yet applied. Equally as problematic, there was no service of a written notice at least three days prior to any hearing that would consider a default judgment. No such written notice, much less three days of notice, preceded this sua sponte granting of default judgment.

In *Shelby County Health Care Corp. v. Teague*, 2014 Ark. App. 382, 439 S.W.3d 74, our court reversed a trial court's order for default judgment because Teague did not properly make an application for default judgment nor was proper notice given.

The opinion cited to Rule 55(b), which requires the party entitled to judgment by default to apply for it and requires that the defending party must be served with written notice of the application for default judgment at least three days prior to the hearing on such application. The opinion noted that Ark. R. Civ. P. 7(b)(1) provides in pertinent part that an application to the court for an order shall be by motion. These defects required reversal of the default judgment.

Failure to give the three-day notice when it is required generally is considered a serious procedural error that justifies the reversal or setting aside of a default judgment. *See Brooks v. Farmers Bank & Trust Co.*, 101 Ark. App. 359, 360, 276 S.W.3d 727, 728 (2008); *Magness v. Masonite Corp.*, 12 Ark. App. 117, 671 S.W.2d 230 (1984). In the present appeal, the trial court erred by sua sponte granting a default judgment when the State had not applied for a default judgment, and it compounded the error by failing to comply with the procedure and notice requirements of Rule 55. Because we reverse on the entry of default judgment, we need not address the remaining argument on appeal.

Reversed.

GRUBER and WHITEAKER, JJ., agree.

*Howerton Law Firm*, by: *Wendy R. Howerton*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.