Cite as 2021 Ark. App. 59

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-20-198

| | |
|---|---|
| HUNT MEMORIAL CATHEDRAL OF FAITH AND WEST DUMAS CHURCH OF GOD IN CHRIST<br><br>APPELLANTS<br><br>V.<br><br>UNION BANK & TRUST COMPANY<br><br>APPELLEE | **Opinion Delivered** February 10, 2021<br><br>APPEAL FROM THE DESHA COUNTY CIRCUIT COURT [NO. 21ACV-19-43]<br><br>HONORABLE ROBERT BYNUM GIBSON, JR., JUDGE<br><br>REVERSED AND REMANDED |

## N. MARK KLAPPENBACH, Judge

Appellants Hunt Memorial Cathedral of Faith and West Dumas Church of God in Christ (collectively "Hunt") appeal the circuit court's denial of Hunt's motion to set aside a default judgment in favor of appellee Union Bank & Trust Company ("the bank"). We reverse and remand.

In 2016 and 2017, the bank loaned Hunt approximately $75,000 secured by a real-property mortgage on two lots in Dumas and by a security interest in a 2007 Dodge Nitro. These loans were taken out by Reverend Arthur L. Hunt, Jr., on behalf of Hunt. Hunt did not comply with the terms of repayment. In March 2019, the bank filed suit to collect on the outstanding indebtedness related to the loans and to recover the negative balance (approximately $1,800) from Hunt's closed checking account, attaching relevant documentation as exhibits to the complaint.

In April 2019, service of process was made on Rev. Hunt as Hunt's agent for service, but Hunt did not file an answer. The bank filed an affidavit to verify Hunt's indebtedness. In May 2019, the circuit court entered a default judgment against Hunt, filing a decree that established a money judgment against Hunt, awarded the bank its attorney's fees and costs, and permitted the bank to sell the real property and to seek repossession of the vehicle.[1] The real property was sold at a public auction in September 2019 for $77,000. In October 2019, Hunt filed a motion seeking to set aside the May 2019 default judgment arguing, in part, that the circuit court erred by entering a default judgment in the absence of the bank applying for a default judgment. In November 2019, the circuit court entered an order denying Hunt's motion, and Hunt appeals, asserting that the circuit court committed reversible error by entering the default judgment "sua sponte and in the absence of a motion" by the bank, rendering the default judgment "void."

When a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Arkansas Rules of Civil Procedure, a default judgment may be entered against him. *See* Ark. R. Civ. P. 55(a). Default judgments are not favorites of the law and should be avoided when possible. *Riggs v. Riggs*, 2020 Ark. App. 381, 606 S.W.3d 588. One reason courts are admonished to avoid default judgments when possible is that a default judgment may be a harsh and drastic result affecting the substantial rights of the parties. *See id*. Our standard of review depends on the grounds upon which the appellant is claiming that the default judgment should be aside. *Id*. In cases where the

---

[1]The default–judgment decree recited that the money judgment in favor of the bank was "in the sum of $78,081.09 (???INTEREST???) together with a reasonable attorney's fee of $2,500.00 and its costs expended herein."

appellant claims that the default judgment is void, the matter is a question of law, which we review de novo and give no deference to the circuit court's ruling. *Id.* In all other cases where we review the motion to set aside a default judgment, we do not reverse absent an abuse of discretion. *Id.*

Arkansas Rule of Civil Procedure 55 governs default judgments. "The party entitled to a judgment by default shall apply to the court therefor[.]" Ark. R. Civ. P. 55(b). In *Shelby County Health Care Corp. v. Teague*, 2014 Ark. App. 382, 439 S.W.3d 74, our court reversed a circuit court's order for default judgment because Teague did not properly make an application for default judgment nor was proper notice given to the party who had "appeared" in the case. The opinion cited Rule 55(b), which requires the party entitled to judgment by default to apply for it. Our court determined that it was error to refuse to set aside the default judgment because "[n]o motion for default judgment was ever made by Teague, as her request for an order of default judgment was made only in a posttrial brief. . . . The argument in support of default judgment presented by Teague in her posttrial brief failed to comply with the rules regarding application for default judgment and is insufficient to qualify as an application for such judgment." *Shelby Cnty. Health Care Corp. v. Teague*, 2014 Ark. App. 382, at 3-4, 439 S.W.3d 74, 76. The *Shelby* opinion noted Ark. R. Civ. P. 7(b)(1)'s requirement that "[a]n application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought." Our court held that in the absence of a motion, the circuit court had acted prematurely, which required reversal of the default judgment. Our court came to the same conclusion in *Byrd v. State*,

2016 Ark. App. 489, 505 S.W.3d 699, reversing a default judgment because the circuit court had sua sponte entered a default judgment against Byrd in the absence of the prosecutor's request for default judgment.

This is the focus of Hunt's appeal: the absence of any *application* for the entry of a default judgment.[2] The bank counters that the "application" requirement has only been relevant in cases where the defaulting party "had in one form or another entered an appearance and was at the time of the default actively participating in the case" and that it had made application to the circuit court by providing the relevant documentation (affidavit of bank employee; loan and mortgage documents) to the court for it to enter default judgment. There was no proceeding in open court, so the bank did not apply for a default judgment orally in open court. Rule 55 is very clear and direct that the party seeking a default judgment "shall apply" for it. Under the circumstances presented here, default judgment was required to be preceded by a motion applying for default judgment. In the absence thereof, and in accordance with *Shelby* and *Byrd*, we reverse the circuit court's order denying Hunt's motion to set aside the default judgment and remand.

Reversed and remanded.

HARRISON, C.J., and BARRETT, J., agree.

*Terrence Cain*, for appellants.

*Whit Barton*, for appellee.

---

[2]Hunt made additional arguments to the circuit court, including an assertion that Hunt had "appeared" in the action and was entitled to three days' notice before default judgment could be entered. On appeal, though, Hunt affirmatively states that it *did not* appear in the underlying case and concedes that the three-day notice provision was never triggered. The bank agrees that Hunt never appeared in the underlying action.