
# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-15-206

| | |
|---|---|
| MONA B. SLOOP and the MONA B. SLOOP REVOCABLE TRUST<br><br>APPELLANTS<br><br>V.<br><br>SALLY ANN KIKER and RUSSELL L. KIKER, INDIVIDUALLY and as TRUSTEES of the SALLY ANN KIKER REVOCABLE TRUST and the RUSSELL L. KIKER REVOCABLE TRUST<br><br>APPELLEES | Opinion Delivered: February 24, 2016<br><br>APPEAL FROM THE NEWTON COUNTY CIRCUIT COURT<br>[NO. CV2013-48-1]<br><br>HONORABLE SHAWN A. WOMACK, JUDGE<br><br>AFFIRMED |

## CLIFF HOOFMAN, Judge

Appellants Mona B. Sloop and the Mona B. Sloop Revocable Trust ("Sloop") appeal from a summary-judgment order in favor of appellees Russell and Sally Kiker, individually and as trustees of their respective trusts ("the Kikers").[1] We affirm the summary-judgment order.

The Kiker trusts own a house on 134.5 acres in Newton County. On January 26, 2012, appellant Sloop contracted to purchase the house and the land for $850,000. The contract contained the following down-payment provision:

The *nonrefundable down payment shall be $350,000*, due upon execution of this contract by both parties, and the balance to be paid in full on or before January 1,

---

[1] We will not differentiate between the parties and their trusts unless the context dictates otherwise.



2013. No interest shall be paid on the unpaid balance until January 1, 2013. If for unforeseen reasons, there is still a balance due after this date, an additional grace period of six months may be granted by the Seller, with interest accruing at local bank retail interest rate. Time is of the essence in satisfying the terms of this contract. *In the event closing does not occur on or before August 31, 2013, this contract shall be null and void, the down payment shall be retained by Seller.* Buyer, if then occupying the property shall vacate the property . . . .

(Emphasis supplied.)

Sloop made the $350,000 down payment on January 26, 2012. That same day, the parties executed two additional documents: a warranty deed and a lease/caretaker agreement. The deed recited that the Kikers, as trustees, conveyed the property to Sloop as trustee of her own trust. It further contained a full metes-and-bounds description of the property, which the contract had described only by street address. The lease/caretaker agreement essentially allowed Sloop to live on the property as a tenant until the $500,000 balance due was paid, subject to an August 31, 2013 deadline. Sloop assumed occupancy of the property in the summer of 2012.

Sloop did not pay the $500,000 balance by January 1, 2013. As the August 31, 2013 deadline approached, she informed the Kikers that she would also not be able to pay the balance by that date. As a result, the Kikers entered into a listing agreement with a real-estate agent on July 24, 2013, in an attempt to sell the property. Sloop remained on the premises during this time.

Efforts to sell the property were unsuccessful, and the listing agreement ended on September 1, 2013. On or about September 6, 2013, the Kikers served Sloop with a notice to vacate the premises. The notice stated that the lease/caretaker agreement had expired and

that Sloop had missed the August 31, 2013 deadline to pay the balance due on the property, requiring her to forfeit her $350,000 nonrefundable down payment.

Sloop refused to vacate the property, and the Kikers filed suit against her in Newton County Circuit Court. Their complaint sought an order removing Sloop from the property and a declaration that they were entitled to retain the $350,000 down payment. Sloop voluntarily abandoned the property a month after the complaint was filed, but she filed a counterclaim asking that the Kikers return her $350,000 down payment.

The Kikers moved for summary judgment, arguing that the real-estate contract unambiguously provided that the $350,000 down payment was nonrefundable, given that Sloop had failed to pay the balance due by August 31, 2013. Sloop responded that the down payment constituted an improper penalty under Arkansas law; that the parties' contract violated the Statute of Frauds because it lacked a sufficient property description and failed to identify the sellers; and that the Kikers waived the August 31, 2013 deadline. In connection with her waiver argument, Sloop filed an affidavit stating that the Kikers had agreed to return the down payment to her if the property sold for more than $850,000 upon being listed with the real-estate agent.

After a hearing, the circuit court entered an order granting the Kikers' motion for summary judgment. The order did not address Sloop's penalty or waiver arguments but instead granted summary judgment on the ground that any uncertainties in the real-estate contract were cured by the warranty deed—a clear reference to Sloop's Statute-of-Frauds argument. Sloop now appeals from the summary-judgment order.

Sloop first contends that the $350,000 nonrefundable down payment represents an unenforceable penalty. *See generally Alley v. Rodgers*, 269 Ark. 262, 599 S.W.2d 739 (1980); *McIlvenny v. Horton*, 227 Ark. 826, 302 S.W.2d 70 (1957) (recognizing that a stipulated-damages provision in a contract may constitute an unenforceable penalty if it does not meet certain criteria). We cannot reach Sloop's argument on this point because the circuit court did not rule on it.

An appellant has the burden to obtain a ruling on an issue in order to preserve the issue for appeal. *Ark. Lottery Comm'n v. Alpha Mktg.*, 2012 Ark. 23, 386 S.W.3d 400. In the absence of a ruling, the appellate court will not reach the issue; nor will we presume a ruling from the circuit court's silence. *Id.* Applying these principles, our courts have held that, when a circuit court's order specifies a particular ground for the court's decision, that ground alone is subject to our review. *See Tillman v. Raytheon Co.*, 2013 Ark. 474, 430 S.W.3d 698; *TEMCO Constr., LLC v. Gann*, 2013 Ark. 202, 427 S.W.3d 651; *Hurst v. Ark. Radiology Affiliates, P.A.*, 2015 Ark. App. 333. Other arguments that the appellant raised below but did not obtain a ruling on are not preserved for appeal, and we are precluded from addressing them. *Tillman*, *supra*; *TEMCO*, *supra*; *Hurst*, *supra*. By contrast, if the circuit court's order is more in the nature of a "blanket" decision and does not articulate a particular basis for its ruling, then the order encompasses all of the issues presented to the circuit court in the parties' briefs and arguments. *See generally Ark. Dep't of Human Servs. v. Ft. Smith Sch. Dist.*, 2015 Ark. 81, 455 S.W.3d 294; *Asset Acceptance, LLC v. Newby*, 2014 Ark. 280, 437 S.W.3d 119 (citing *Hardin v. Bishop*, 2013 Ark. 395, 430 S.W.3d 49).

Here, the circuit court's summary-judgment order was not a "blanket" ruling. Rather, the order discussed and ruled on Sloop's Statute-of-Frauds argument without deciding whether the $350,000 down payment constituted a penalty. Therefore, based on the above-cited authorities, Sloop's penalty argument is not reviewable by this court.

Sloop's claim that the Kikers waived the August 31, 2013 payment deadline is likewise procedurally barred. Sloop made her waiver argument during the summary-judgment hearing, and the circuit court appeared to consider and reject it. However, the waiver issue was not addressed in the court's summary-judgment order. As our supreme court has recognized, "the written order controls." *Nat'l Home Ctrs., Inc. v. Coleman*, 370 Ark. 119, 121, 257 S.W.3d 862, 863 (2007).[2]

Turning to the issue that was ruled on below, Sloop argues that the circuit court erred in determining that the parties' real-estate contract satisfied the Statute of Frauds. We see no error on this point.

The Statute of Frauds provides that a contract for the sale of land must be in writing to be enforceable. Ark. Code Ann. § 4-59-101(a)(4) (Repl. 2011). Additionally, the contract must contain certain essential information, such as the terms and conditions of the sale, the price to be paid, the time for payment, and a description of the property. *See Van Dyke v.*

---

[2] Sloop cites *Bayer Cropscience LP v. Schafer*, 2011 Ark. 518, 385 S.W.3d 822, for the proposition that an oral ruling on a motion is sufficient. *Bayer* involved a ruling on a preliminary motion in a case that subsequently went to trial. The case at bar involves a dispositive summary-judgment ruling, which must necessarily be reduced to writing and entered of record to be effective. *See* Ark. R. Civ. P. 58 (2015); Ark. Sup. Ct. Admin. Order No. 2(b)(2) (2015).

*Glover*, 326 Ark. 736, 934 S.W.2d 204 (1996); *Price v. Willbanks*, 2009 Ark. App. 849, 374 S.W.3d 28.

Sloop contends that the contract in this case was deficient because it did not name the Kiker trusts as sellers of the property and did not contain a sufficient description of the property. However, as noted by the circuit court, the warranty deed that the parties executed on the same day as the real-estate contract named the Kiker trusts as grantors and provided a formal, legal description of the property. Generally, instruments executed at the same time by the same parties, for the same purpose, and in the course of the same transaction, are, in the eyes of the law, one instrument and will be read and construed together. *Graves v. Graves*, 7 Ark. App. 202, 646 S.W.2d 26 (1983). Moreover, if a contract furnishes a means by which realty can be identified—a key to the property's location—the Statute of Frauds is satisfied. *Baker v. Taylor & Co.*, 218 Ark. 538, 237 S.W.2d 471 (1951). Here, the contract's designation of the premises by street address met this requirement. *Creighton v. Huggins*, 227 Ark. 1096, 303 S.W.2d 893 (1957); *Price, supra*.

Sloop also cites what she refers to as an ambiguity in the contract, arising from the fact that the contract calls for a six-month grace period if the balance is not paid by January 1, 2013, but also provides for a nine-month payment extension until August 31, 2013. The law does not favor the destruction of contracts over uncertainty. *Price, supra*. This is particularly true where, as here, the contract contained an express deadline of August 31, 2013, which the parties treated as operative throughout the case.

Affirmed.

VAUGHT and BROWN, JJ., agree.

*Patterson Law Firm, P.A.*, by: *Jerry D. Patterson*; and *Taylor & Taylor Law Firm, P.A.*, by: *Tasha C. Taylor* and *Andrew M. Taylor*, for appellants.

*Wright, Lindsey & Jennings LLP*, by: *Kyle R. Wilson*, *Michael A. Thompson*, and *R. Aaron Brooks*, for appellees.