Cite as 2020 Ark. App. 274

# ARKANSAS COURT OF APPEALS

DIVISIONS II, III & IV

No. CV-19-402

| | |
|---|---|
| LOCKARD & WILLIAMS INSURANCE SERVICES, INC.<br>APPELLANT<br><br>V.<br><br>LUTHER WALDRIP, ADMINISTRATOR FOR THE ESTATE OF TIMOTHY WALDRIP, DECEASED<br>APPELLEE | **Opinion Delivered:** April 29, 2020<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT<br>[NO. 04CV-18-1207]<br><br>HONORABLE ROBIN F. GREEN, JUDGE<br><br>AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Appellant Lockard & Williams Insurance Services ("Lockard") appeals from an order of the Benton County Circuit Court that declined to set aside a default judgment entered against Lockard in favor of appellee Luther Waldrip. On appeal, Lockard argues that the circuit court erred both in initially entering the default judgment and in denying its motion to set the default judgment aside. We affirm.

### I. *Procedural History*

Waldrip's son, Timothy Waldrip, was involved in a motor-vehicle accident in May 2016 and subsequently incurred medical expenses from Washington Regional Medical Center, Ozark Orthopaedics, and Central EMS. Timothy had a policy of health insurance through his employer. Lockard was the administrator of the health insurance plan. Unfortunately, Timothy died from his injuries. Luther Waldrip gave notice and proof of

death to Lockard and demanded payment of Timothy's medical bills. Lockard denied the claim.

Waldrip filed a complaint on May 1, 2018, seeking judgment against Lockard for the total amount of the medical bills. Lockard was served with the complaint and summons on May 8. Pursuant to Arkansas Rule of Civil Procedure 12(a)(1), Lockard had thirty days from the date of service of the summons and complaint in which to file an answer, or until June 7, 2018. Lockard admittedly did not file an answer.

On June 13, Waldrip filed a "Notice of Service" in the circuit court. In this notice, Waldrip advised the court that service of the complaint and summons on Lockard had been accomplished on May 8 as provided by the Arkansas Rules of Civil Procedure; that Lockard had until June 7 to answer in the time provided by law; and that Lockard had not filed an answer or other pleading by that date.

On August 8, 2018, the circuit court entered an order finding that Lockard had been served with the complaint and summons but had not answered. The court awarded Waldrip judgment against Lockard in the amount of $142,837.53, reflecting the total of the medical bills owed to Washington Regional Medical Center ($131,902.70), Ozark Orthopaedics ($9,673), and Central EMS ($1,261.83).

Lockard filed a motion to set aside the default judgment on September 20, 2018, asserting multiple claims for relief. First, Lockard argued that Waldrip had not formally applied to the circuit court for a default judgment pursuant to Arkansas Rule of Civil Procedure 55(b) and that the court thus erred in sua sponte entering a default judgment.

2

Second, Lockard asserted that "none of the allegations [in Waldrip's complaint] are true."[1] Third, Lockard argued that the court should not have awarded damages without first requiring notice of a hearing. Lockard also asserted that it had meritorious defenses to the action.

The circuit court set the matter for a hearing regarding damages. At that hearing, the court was presented with testimony and evidence concerning the remaining amounts that were owed by Timothy Waldrip's estate. From this evidence, the circuit court revised its previous award of damages downward to $93,903.70 because part of the money owed to Washington Regional and Central EMS had been paid or written off. The court entered a written order on January 18, 2019:

> On this 10th day of December, 2018, comes on for hearing the damages hearing pursuant to against the Defendant, Lockard & Williams Insurance Services, Inc. following Defendant having objected to the order entered on August 8, 2018 in this matter, the Court finds:
>
> The remaining amounts owed on the claims presented to the Court are Washington Regional Medical Center in the amount of Eighty Seven Thousand Eight Hundred Thirteen and 70/100 Dollars ($87,813.70) and Central EMS in the amount of Eight Hundred Forty and 05/100 Dollars ($840.05).
>
> Plaintiff's attorney fees are Five Thousand Two Hundred Fifty and no/100 Dollars ($5,250.00) which the court finds are reasonable and gives judgment for the same.
>
> It is therefore ordered that the Plaintiff has judgment of and from the Defendant, Lockard & Williams Insurance Services, Inc., in the amount of Ninety Three Thousand Nine Hundred Three and 75/100 Dollars ($93,903.75).

---

[1]Specifically, Lockard contended that the claims against Waldrip's estate did not total $142,837.53, that Lockard is not an insurance company, and that Waldrip did not timely submit his claim to Lockard.

On February 15, 2019, Lockard filed a motion for reconsideration of the court's order denying its motion to set aside the default judgment. Lockard asked the court to reconsider its denial of Lockard's motion to set aside the default judgment, "which the court construed as an objection to its order of August 8, 2019." Lockard urged three "reasons justifying relief" pursuant to Arkansas Rule of Civil Procedure 55(c) for why the default judgment should be set aside: (1) neither Lockard nor its general counsel had knowledge of the lawsuit before the court's initial entry of default;[2] (2) Waldrip never applied for the entry of a default judgment pursuant to Rule 55(b), and the court thus erred in sua sponte entering one; and (3) Lockard's counsel made reasonable efforts to settle the dispute and defend the lawsuit once it received notice. These facts, Lockard alleged, demonstrated an "honest and unfortunate misunderstanding" that warranted the court's reconsideration of its denial of Lockard's motion to set aside the default judgment. The circuit court never ruled on this motion, and on February 18, 2019, Lockard filed its notice of appeal, stating that it was appealing "from the Court's Order dated January 18, 2019 granting judgment against it in the amount of $93,903.75."

## II.  *Analysis*

Our standard of review for an order denying a motion to set aside a default judgment depends on which grounds the appellant claims the default judgment should be set aside. *Steward v. Kuettel*, 2014 Ark. 499, 450 S.W.3d 672. When an appellant claims that the default judgment is void, we conduct a review de novo and give no deference to the circuit court's

---

[2]Lockard has abandoned this argument on appeal, admitting in a footnote in its statement of the case that it was factually mistaken about this point and that it did, in fact, have knowledge of the complaint.

ruling because the matter on appeal is a question of law. *Glover v. Glover*, 2020 Ark. App. 89, 595 S.W.3d 54. In all other challenges to the denial of a motion to set aside a default judgment, we do not reverse absent an abuse of discretion. *Id*. Lockard does not argue that the default judgment entered in this case is void as a matter of law; therefore, our standard of review is whether the circuit court abused its discretion.

Lockard raises two essential arguments on appeal. First, it asserts that the circuit court erred in its initial decision to enter the default judgment against it because Waldrip did not file a motion for default judgment pursuant to Arkansas Rules of Civil Procedure 55(b) and 7(b)(1). Second, Lockard contends that the circuit court abused its discretion in refusing to set aside the previously entered default judgment because (1) Lockard has meritorious defenses to Waldrip's claims, and (2) Waldrip would not suffer any prejudice by being required to litigate the case on the merits.

We decline to reach the merits of either of Lockard's arguments because it failed to obtain a ruling on these issues from the circuit court. Before we explain our reasoning on this matter, we set forth our court's controlling caselaw on the question of preservation:

> An appellant has the burden to obtain a ruling on an issue in order to preserve the issue for appeal. *Ark. Lottery Comm'n v. Alpha Mktg.*, 2012 Ark. 23, 386 S.W.3d 400. In the absence of a ruling, the appellate court will not reach the issue; nor will we presume a ruling from the circuit court's silence. *Id*. Applying these principles, our courts have held that, when a circuit court's order specifies a particular ground for the court's decision, that ground alone is subject to our review. *See Tillman v. Raytheon Co.*, 2013 Ark. 474, 430 S.W.3d 698; *TEMCO Constr., LLC v. Gann*, 2013 Ark. 202, 427 S.W.3d 651; *Hurst v. Ark. Radiology Affiliates, P.A.*, 2015 Ark. App. 333. Other arguments that the appellant raised below but did not obtain a ruling on are not preserved for appeal, and we are precluded from addressing them. *Tillman*, *supra*; *TEMCO*, *supra*; *Hurst*, *supra*. By contrast, if the circuit court's order is more in the nature of a "blanket" decision and does not articulate a particular basis for its ruling, then the order encompasses all of the issues presented to the circuit court in the parties' briefs and arguments. *See generally Ark. Dep't of Human Servs. v. Ft. Smith*

*Sch. Dist.*, 2015 Ark. 81, 455 S.W.3d 294; *Asset Acceptance, LLC v. Newby*, 2014 Ark. 280, 437 S.W.3d 119 (citing *Hardin v. Bishop*, 2013 Ark. 395, 430 S.W.3d 49).

*Sloop v. Kiker*, 2016 Ark. App. 125, at 4, 484 S.W.3d 696, 699.

In *Sloop*, the appellee, Kiker, filed a motion for summary judgment premised on multiple arguments. The circuit court granted the motion on only one of those arguments. On appeal, Sloop attempted to argue each of the three points raised in the summary-judgment motion, but this court considered only the one argument that the circuit court had ruled on, holding that the court's order specifying only one basis for its decision was not a "blanket" decision that would allow the appellate court to reach each of the arguments. *Id.* at 4–5, 484 S.W.3d at 699.

*Sloop* is precisely applicable to the present appeal. Here, Lockard raised multiple arguments in its motion to set aside the default judgment. The court's order addressed *only one* of the multiple claims raised by Lockard, specifically, the amount of damages awarded to Waldrip. The circuit court clearly specified a single, particular ground for its decision, and it did not rule on the other grounds. We thus conclude that the decision of the circuit court herein was not the kind of "blanket decision" described in *Sloop*. Because the court's order specifies a particular ground for its decision, our review is subject to that ground alone; however, Lockard raises no argument on appeal regarding that ground.

Lockard failed to obtain a ruling on any of the arguments that it does make before this court; therefore, we are precluded from reaching and deciding any of them. *See Morgan v. Big Creek Farms of Hickory Flat, Inc.*, 2016 Ark. App. 121, 488 S.W.3d 535 (refusing to reach argument on appeal from refusal to set aside a default judgment when the circuit court

6

did not rule on it); *Boeuf River Farms v. Browder*, 2012 Ark. App. 482, 422 S.W.3d 194 (same). Accordingly, we affirm without reaching the merits of Lockard's arguments.

Affirmed.

GRUBER, C.J., and ABRAMSON, VAUGHT, and BROWN, JJ., agree.

VIRDEN, HARRISON, KLAPPENBACH, and HIXSON, JJ., dissent.

**BRANDON J. HARRISON, Judge, dissenting**. I respectfully dissent. The majority's decision insulates the final default judgment, a disfavored creature of the law since the early 1990s, from scrutiny.[1] The choice is mistaken because it's based on *Sloop*, a case whose posture is far flung from this one. The majority's decision also embodies a misreading of the record in general. For these reasons, we've just auditioned for a starring role in the sequel to *EGADS! PRESERVATION RUN AMOK: A CALL FOR CHANGE TO ARKANSAS'S WAS IT RAISED?, WAS IT DEVELOPED?, WAS IT RULED ON? JURISPRUDENCE*, 37 U. Ark. Little Rock L. Rev. 267 (Winter 2015) (Brian Brooks).

In January 2019, the circuit court entered an order that revised its original August 2018 default order. The August order had awarded $142,837.53 in damages to Waldrip and was entered on the court's own initiative. The January order reduced Waldrip's damages to $93,903.75. The opening words of the January order state: "ON THIS 10TH DAY OF DECEMBER, 2018 comes . . . the damages hearing . . . against the Defendant, Lockard

---

[1]"Default judgments are not favorites of the law and should be avoided when possible. In fact, the purpose for the 1990 amendment to Ark. R. Civ. P. 55 was to liberalize Arkansas practice regarding default judgments and the revised rule reflects a preference for deciding cases on the merits rather than on technicalities." *B & F Eng'g, Inc. v. Cotroneo*, 309 Ark. 175, 178, 830 S.W.2d 835, 837 (1992) (internal citations omitted).

& Williams Insurance Services, Inc. *following Defendant having objected to the order entered on August 8, 2018 in this matter*[.]" (Emphasis added.) The court's reference to Lockard's objection in the order refers to the company's motion to set the default aside; that motion followed on the heels of the court's August 8 default order and preceded the final judgment's entry.

Despite all this, the majority holds that the circuit court did not rule on Lockard's motion to set the default aside and affirms the final judgment on this basis. Their holding rests on one summary-judgment case, *Sloop v. Kiker*, 2016 Ark. App. 125, 494 S.W.3d 696. But *Sloop* sinks rather than floats the majority's position, as the case excerpt below will show. Pay close attention to the statement in *Sloop* that when a party gets a "blanket" ruling then there is no need for a circuit court to delineate every ruling it has made.

> Sloop first contends that the $350,000 nonrefundable down payment represents an unenforceable penalty. We cannot reach Sloop's argument on this point because the circuit court did not rule on it.
>
> . . . .
>
> [O]ur courts have held that, when a circuit court's order specifies a particular ground for the court's decision, that ground alone is subject to our review. Other arguments that the appellant raised below but did not obtain a ruling on are not preserved for appeal, and we are precluded from addressing them. By contrast, if the circuit court's order is more in the nature of a "blanket" decision and does not articulate a particular basis for its ruling, then the order encompasses all of the issues presented to the circuit court in the parties' briefs and arguments.
>
> Here, the circuit court's summary-judgment order was not a "blanket" ruling. Rather, the order discussed and ruled on Sloop's Statute-of-Frauds argument without deciding whether the $350,000 down payment constituted a penalty. Therefore . . . Sloop's penalty argument is not reviewable by this court.

8

*Id.* at 4–5, 494 S.W.3d at 699 (internal citations omitted) (emphasis added). *Sloop* was correctly decided because the circuit court had not ruled in a way that encompassed every one of Sloop's independent arguments.

This case is different. There was one, and only one, question at issue: should the default judgment have been set aside for one of the reasons Lockard raised in its motion? Lockard received a "no" from the circuit court—and in "blanket" form—if that term has any practical legal meaning. We know this because the default order on liability against Lockard was never set aside. Not before the damages hearing was held after the court deemed Waldrip's complaint against Lockard admitted on its own initiative; not after the hearing was held during which evidence on damages was received; not when the court expressly noted Lockard's objections to the August default in its January 2019 order (the final judgment); and not during the postjudgment-motion phase.

True, Lockard made two subpoints under Rule 55. It first argued that the default judgment must be set aside because Waldrip failed to follow Rule 55(b), as applied by this court in *Byrd v. State*, 2016 Ark. App. 489, 505 S.W.3d 699, and *Shelby County Health Care Corp. v. Teague*, 2014 Ark. App. 382, 439 S.W.3d 74. Lockard also argued that the court should set the default aside under Rule 55(c). But the core request under either subsection (b) or (c) was that the court set the default order aside. The court obviously went with Waldrip; that's why the default was never set aside. The majority has misapprehended the point that determines the preservation question in Lockard's favor: had the circuit court accepted *either one* of Lockard's arguments then there would never have been a hearing solely on damages, much less would a final judgment for $93,903.75 have been entered

9

based on an "admitted" complaint.

So . . . it's obvious. Or . . . the record is clear; the court rejected any basis for setting aside the default and thereby denied Lockard the relief it asked for and even expressly referenced the company's motion to set the default order aside in the court's final judgment. And . . . not even Waldrip, who obtained the judgment below, has argued that Lockard failed to preserve an issue for appeal. The circuit court's ruling could not have been more sweeping, definitive, and decisive. One suspects the circuit court will be as surprised as anyone to learn that it didn't rule on Lockard's motion.

Every judge on this court has joined opinions holding that an appellant's argument was not preserved for review for one reason or another. It's not that a core rule of practice and procedure should be erased. It should not. What's needed, as this case illustrates, is for appellate courts to exercise caution when applying the "Was it raised? Was it ruled on?" duo. The deadly (and increasingly dynamic) duo should capture only obvious lapses. As Justice Oliver Wendell Holmes, Jr., put it in his characteristically penetrating manner, "General propositions do not decide concrete cases. The decision will depend on a judgment or intuition more subtle than any articulate major premise."[2] Subtlety of judgment and intuition has fallen one vote shy of carrying this day.

★ ★ ★

---

[2]*Lockner v. New York*, 198 U.S. 45, 76 (1905) (Holmes, J., dissenting).

No party was uncertain at either the trial court or appellate court levels about what happened, when, and why. I have no uncertainty, either. The majority's decision only deepens and quickens Arkansas's Serbonian Bog.[3]

VIRDEN, KLAPPENBACH, and HIXSON, JJ., join.

**KENNETH S. HIXSON, Judge, dissenting**. I agree with the conclusion in Judge Harrison's dissent that the issues on appeal were adequately preserved and that we should reach the merits of the case; but I do so for different reasons.

For simplicity's sake, the defendant was properly served and failed to appear within thirty days. Thereafter, the plaintiff's attorney prepared a proposed default judgment, and on August 8, 2018, hand delivered the judgment to the circuit judge. The circuit judge apparently summarily signed the order, granting the plaintiff a judgment in the amount of $142,837.53.

It is unclear how, but the defendant subsequently received a copy of the default judgment. The defendant was obviously caught with its proverbial pants down. What were the defendant's options? The defendant could not ask for a hearing on damages because the judgment had already been entered, and according to Ark. R. Civ. P. 55(b), the defendant was not even entitled to notice of any hearing. The rule provides that the circuit court can set a hearing on damages if it is necessary to determine the amount of damages; however, here, the circuit court had already determined the amount of damages and entered a default

---

[3]Leon Holmes, *Pitfalls of the Appellate Practice: Avoiding the Serbonian Bog*, 35 Ark. Law. 10 (Sum. 2000).

judgment in the amount of $142,837.53.[1]  Because a nonappearing defendant is not entitled to a damages hearing under the rule, the defendant timely filed a motion to set aside the default judgment pursuant to Ark. R. Civ. P. 55(c).

The defendant's motion to set aside the default judgment alleged several legal reasons as required by Rule 55(c).  It alleged and explained that the judgment should be set aside for mistake, inadvertence, excusable neglect, etc., or "(4) any other reason justifying relief from the operation of the judgment," and it provided a meritorious defense.  The motion included the following allegation:  The default judgment was improper "particularly where the Plaintiff misstated both the number and the total amount of claims asserted . . . and where the docket for this case reflects no evidence on which the award of damages could properly have been based ever was submitted to the court."  In addition to requesting the default judgment be set aside *in toto* for lack of notice, the defendant was also requesting relief from the amount of the default judgment because the circuit court erred in awarding damages without receiving supporting evidence.  It is well-settled Arkansas law that a default judgment establishes liability only, and that proof of damages must still be presented to the court.  *Tharp v. Smith*, 326 Ark. 260, 930 S.W.2d 350 (1996); *Byrd v. Dark*, 322 Ark. 640, 911 S.W.2d 572 (1995); *see also* Ark. R. Civ. P. 8(d) ("Averments in a pleading to which a responsive pleading is required, *other than as to the amount of damages*, are admitted when not denied, either generally or specifically, in the responsive pleading." (Emphasis added.)).

The pleadings actually filed in this case are important in order to understand the disposition of this case by the circuit court below and to ascertain whether the issues are

---

[1]This ultimately was error.  See discussion below.

preserved on appeal. What was the subject matter before the circuit court when it held the hearing on December 10, 2018? A default judgment in the amount of $142,837.53 had been entered and filed. The defendant had filed a motion to set aside default judgment, which included allegations of lack of notice and improper damages. The plaintiff filed a response to the motion to set aside default judgment generally alleging that the defendant was in default for ninety-two days and that the damages were proper. The circuit court set a hearing. The only pending pleadings in the case were the defendant's motion to set aside the default judgment and the plaintiff's response thereto.

The circuit court had two options at the hearing to set aside the default judgment: deny the motion to set aside the default judgment and maintain the judgment against the defendant in the amount of $142,837.53; or grant the motion to set aside the default judgment and grant the defendant some relief. The circuit court chose the latter. At the conclusion of the hearing, the circuit court set aside the default judgment in the amount of $142,837.53 and awarded a new judgment in the amount of $93,903.75.[2]

The majority concludes that the merits of this case are unreviewable because the defendant did not receive a ruling on its motion to set aside default judgment. That conclusion completely ignores the reason why the hearing was even held and the relief granted. As previously set forth, the circuit court had only two options: deny the motion to set aside the default judgment and leave the $142,837.53 in place; or grant the motion

---

[2]Again, disappointed by the circuit court's new judgment, the defendant filed another postjudgment motion to set aside the January 18, 2019, default judgment that arose from the December 10, 2018, hearing. That motion died on the vine and was deemed denied after thirty days.

and afford the defendant relief. While the defendant did not obtain all the relief it requested, it did receive some relief. The circuit court set aside the judgment of $142,837.53 and entered a new judgment in the amount of $93,903.75. How, then, can one conclude the defendant did not receive a ruling on its motion to set aside the default judgment?

In retrospect, it is clear that the circuit court erred in granting the plaintiff the original default judgment in the amount of $142,837.53 without taking any evidence on damages. *See Tharp*, *supra*; *Byrd*, *supra*. It is equally clear that the vehicle that raised this damages issue was the defendant's motion to set aside the default judgment. It was the only pleading before the court. At the hearing to set aside the motion for default judgment, the court received evidence on damages and set aside the original $142,837.53 judgment and replaced it with a new $93,903.75 judgment. In my view, the circuit court granted the motion to set aside default judgment and entered a new judgment. The correctness of that award and the refusal to set aside the entire judgment *in toto* is what this opinion should be addressing.

I agree with Judge Harrison's conclusion that the issues have been preserved for appeal; however, I disagree with Judge Harrison's conclusion that the circuit court denied the motion to set aside the default judgment. Because the issues were preserved, I dissent from the holding of the majority.

*Bradley Arant Boult Cummings LLP*, by: *J. William Manuel* and *Candice L. Rucker*, pro hac vice, for appellant.

*Watkins, Boyer, Gray & Curry, PLLC*, by: *Jennifer E. Gray*, for appellee.