Cite as 2023 Ark. App. 246

# ARKANSAS COURT OF APPEALS
## DIVISION IV
**No.** CV-22-27

| | | |
|---|---|---|
| BODIE BELL | | **Opinion Delivered** May 3, 2023 |
| | APPELLANT | |
| | | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04DR-20-1565] |
| V. | | |
| ERICA BELL | | HONORABLE CHRISTINE HORWART, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

### BRANDON J. HARRISON, Chief Judge

This is an appeal from a motion to set aside a divorce decree entered after a default. The proceedings started the usual way. Bodie was served. He did not "plead or otherwise defend[.]" Ark. R. Civ. P. 55(a). On 27 January 2021, the circuit court filed a setting notice for a "Final Hearing" March 2. A month later it was reset for April 6, then reset on March 9 for an "Uncontested Divorce Hearing" March 16, the day it was eventually held.[1] The setting notices were copied to Erica's counsel via the eFlex electronic-filing system. There is no indication they were sent to Bodie.

As the divorce hearing began, the court noted that Bodie had been served October 9 and had not filed a responsive pleading. The bailiff made three calls of the court for him. Bodie did not appear. After observing that "it appears as if Mr. Bell is in default[,]" the

---

[1] We don't know why the settings were moved. Any communications requesting the settings are not in the record.

court proceeded with the hearing. Erica's counsel led her through testimony about the parties' assets, her personal financial and employment situation, and her desired property division. The transcript spans some forty pages. A detailed divorce decree was entered March 29.

April 26, Bodie moved to set the decree aside under Rule 55(c)(1) ("mistake, inadvertence, surprise, and excusable neglect"), (c)(3) ("fraud, misrepresentation, and other misconduct of an adverse party") & (c)(4) ("other reasons justifying relief from the operation of the decree").[2] The motion asserts that Erica had represented they were "working together to come to a settlement agreement regarding custody, visitation, support, and property division" and that in reliance on those representations, he did not answer the complaint. Bodie asserted the decree included "a grossly inequitable distribution of debts and assets, both marital and non-marital, as well as an inequitable custody and visitation arrangement" that went against the best interest of the minor children. His brief elaborates that he "was ordered to pay alimony and a certain amount of child support to the Plaintiff based on fraudulent income information" that omitted that the two are equal partners entitled to equal profits from their shared business. Erica responded—through new counsel, we note—a month later.

Both parties appeared with counsel at a motion hearing on September 13. Both parties testified. After argument, the court requested copies of our opinions in *Riggs v. Riggs*, 2020 Ark. App. 381, 606 S.W.3d 588, and *Glover v. Glover*, 2020 Ark. App. 89, 595 S.W.3d

---

[2]The motion also invoked Rule 60(a). But the circuit court did not rule on the motion within ninety days, and Bodie does not raise any related issue on appeal.

It then ruled from the bench that it would deny Bodie's motion to set aside the decree. The circuit court noted that there was "a lot of testimony given regarding the defendant's meritorious defenses," but the decree could not be set aside without proof of a reason under Rule 55(c). It observed that Bodie had read the summons and "knew he was required to file a response and that it was stupidity on his part to not file an answer, that he thought that he and the plaintiff would split everything equally and share custody."[3] The court noted our holding that "defendants are presumed to know that if they do not respond, they will suffer default judgments and may suffer a monetary judgment against them." The circuit court "did not find any support to the allegation that the plaintiff committed fraud or misrepresentation, or any other conduct that induced the defendant not to file a responsive pleading in this action" nor any other reason justifying relief under Rule 55(c)(4). The court ultimately entered an order consistent with that ruling, finding Bodie had "failed to prove or present sufficient evidence of" any reason listed in Rule 55, including "fraud, misrepresentation, or other misconduct on the part of [Erica.]" Bodie appeals.

---

[3]This appears to be a characterization of the following exchange:

COUNSEL: Okay. All right. Can you just briefly tell this court why you didn't respond to the complaint for divorce when you were served?

BODIE: I was under the -- I was under the understanding that if we -- if we separated amicably, we would use the same lawyer, and I didn't think I had to sign anything if I agreed with getting the divorce. And it was just stupidity, I guess, at this point, but I thought that we were working together with one lawyer to get it done.

COUNSEL: Okay. And so you agreed with actually getting divorced, right?

BODIE: Yes.

3

We must first address Erica's arguments that Bodie's posttrial motion and this resulting appeal are untimely. She argues, in brief, that his motion for relief from the divorce decree was filed too late under Rule 59, and denied long after the court lost jurisdiction under Rule 60(a). Further, a Rule 59 motion would have been deemed denied after the thirtieth day, and Bodie's appeal would not be timely either. Finally, she argues it could not be a Rule 55 motion in substance because "there was a trial (albeit a one-sided trial)" where evidence and testimony were taken, and the circuit court made findings and conclusions from that record in the decree.

Erica's points about Rules 59 and 60 are well taken. However, we held that Rule 55 is a vehicle for relief from a default divorce decree in *Cook v. Cook*, 2022 Ark. App. 449. There, the defaulting spouse (now former spouse) entered an appearance soon after a divorce decree was entered, filed a timely notice of appeal from it, and tried to present her objections here. *Id.* at 2. She contended she had no remedy under Rule 55 because a divorce cannot be established by default (so a divorce decree cannot be a true "default judgment"), and the decree there (like the one here) was based on evidence. *Id.* at 2–3. We affirmed without addressing the defaulting spouse's objections. *Id.* at 3.

We did note that our appellate courts have long treated divorce decrees like default judgments when they are entered on one party's evidence against a party who did not appear. *Id.* at 3 n.1 (citing *Kerr v. Kerr*, 234 Ark. 607, 353 S.W.2d 350 (1962)). Assuming the availability of Rule 55 relief from a default decree was an open question, we answered it in *Cook*.

4

Bodie's first point on appeal is that that the default decree is void for want of a written motion for default judgment because Rule 55(b) requires the party entitled to judgment to "apply to the court therefor[.]" *Hunt Mem'l Cathedral of Faith v. Union Bank & Tr. Co.*, 2021 Ark. App. 59, at 3, 618 S.W.3d 164, 166. When an appellant argues that a default judgment is void, our review is de novo because that is a question of law. *Lockard & Williams Ins. Servs., Inc. v. Waldrip*, 2020 Ark. App. 274, at 4–5, 600 S.W.3d 662, 665.

Bodie concedes that he didn't make this argument below. He argues he can raise it here because a default judgment entered without a written request, like a default judgment that exceeds the pleading's demand for relief, is void, not voidable, because it is outside the circuit court's power to enter. He cites authorities including *Chase Home Finance, LLC v. Charles*, 2010 Ark. App. 815, and *Shelby County Health Care Corp. v. Teague*, 2014 Ark. App. 382, 439 S.W.3d 74, on the voidness point. Erica contends that under *Lockard*, *supra*, this argument was not preserved, because it was not raised below and necessarily was not ruled on either.

Review on appeal can extend to some jurisdictional defects that make a judgment void, even if no argument was made or ruled on in the circuit court. *See Koonce v. Mitchell*, 341 Ark. 716, 19 S.W.3d 603 (2000). But the absence of an "application" for default judgment is not that kind of defect. In *Lockard*, the circuit court had entered a default judgment with a damages award. 2020 Ark. App. 274, at 2, 600 S.W.3d at 664. The defendant moved to set it aside because, for one thing, the plaintiff had not applied for default judgment. *Id*. at 2–3, 600 S.W.3d at 664. The circuit court held a hearing on damages, then entered an order reducing the award. *Id*. at 3, 600 S.W.3d at 664. It

5

otherwise ignored the defendant's arguments. *Id*. at 3–4, 600 S.W.3d at 664–65. On appeal, the majority likewise refused to address them, because the defendant hadn't gotten a ruling in the circuit court. *Id*. at 6–7, 600 S.W.3d at 666.

Next, Bodie argues the circuit court improperly allowed the award of sole custody to stand, "mak[ing] the best interests of the children secondary to [his] technical failure" to file a timely response, an act we condemned in *Jones v. Jones*, 2019 Ark. App. 597, 591 S.W.3d 831. We held in *Jones* that the circuit court's failure to consider domestic-abuse allegations in the motion to set aside the decree justified setting aside the custody award under Rule 55(c)(4) for "other reasons justifying relief." *Id*. at 6–7, 591 S.W.3d at 834–35. We held so, however, after rejecting the appellant's request to hold that awarding child custody by default is never appropriate. *Id*. at 5–6, 591 S.W.3d at 833–34. And the standard of review on that point, we noted, is abuse of discretion. *Id*. at 5, 591 S.W.3d at 833.

Here, during the September motion hearing, Bodie tried to introduce testimony to the effect that Erica had defrauded the court at the default hearing by minimizing his involvement with the children since their separation. When Erica's counsel objected, the circuit court observed, "It feels to me like we're trying the divorce." Erica's counsel argued that Bodie was required to prove a reason under Rule 55(c) to set aside the decree before getting into custody matters. Bodie's counsel argued the testimony was necessary either as proof of fraud or to establish a meritorious defense on the custody issue.

Bodie renews those arguments on appeal. His argument that the circuit court read Rule 55(c) too narrowly has some merit. Moreover, to the extent Erica contends that Bodie's default and failure to appear put her testimony at the divorce hearing beyond

challenge in Rule 55 proceedings, we don't agree. But the evidence in this record would not allow us to hold that the circuit court abused its discretion by leaving the custody award in place without de facto adopting the blanket exception we rejected 9–0 in *Jones*, *supra*.[4] His brief in support of setting aside the default judgment states that he "had been the children's primary caregiver for the last three (3) years[,]" and his counsel stated so in argument at the September hearing. But that fact was neither introduced nor proffered in the testimony.

Finally, Bodie challenges the circuit court's decision not to vacate the property division, which he contended was "grossly inequitable" and awarded Erica some of his premarital property. For example, Erica and Bodie both receive salaries and equal partnership distributions from Meridian Construction. But the child-support worksheet she introduced includes both salary and distributions in the calculation of Bodie's income, but only salary in her calculation. She did not volunteer to be relieved of her partnership interest. As of the September hearing, she was still employed there, and receiving distributions in addition to alimony. But the child-support worksheet was so carefully and obscurely discussed at the divorce hearing that we cannot identify any specific misrepresentation.[5] In fact, Erica never testified to her income and did not testify that the

---

[4]Bodie argues that any needed proof was supplied by the statutory presumption that joint custody is in the best interest of the child. Ark. Code Ann. § 9-13-101(a)(1)(A)(iv) (Supp. 2021). That enactment took effect before the hearing on the motion to vacate but after the circuit court's initial custody award. *See* Act 604 of 2021. Bodie's argument for giving it weight in this analysis is not sufficiently developed to address here.

[5]Erica testified at the September hearing that she had provided tax returns to her counsel, and he prepared the worksheet.

child-support worksheet was accurate as to her income. Nor does the divorce decree make a finding about Erica's income—just her "imputed gross income," whatever that means in the circumstances.

At the September hearing, Erica said that she did not lie to Bodie or mislead him into defaulting. Bodie testified that he had understood he would be getting joint custody, and that if the parties separated amicably, they could "work together with one lawyer to get it done." He argues on appeal that a confidential relationship existed between them until their divorce, so he was entitled to rely on her silence as an affirmation that no court date had been set. He did not, however, make that argument below, so we do not address it here. On the record as it stands and the arguments as they were presented, we cannot say the circuit court's finding that Bodie did not prove fraud or misconduct was an abuse of discretion. Therefore, there was no reason to set aside the default judgment. The circuit court's denial of the motion to set the default judgment aside is affirmed.

Affirmed.

GLADWIN and KLAPPENBACH, JJ., agree.

*Kezhaya Law PLC*, by: *Matthew A. Kezhaya* and *Sonia A. Kezhaya*, for appellant.

*Cullen & Co., PLLC*, by: *Tim Cullen*, for appellee.

8