Cite as 2026 Ark. App. 253

# ARKANSAS COURT OF APPEALS
## DIVISION III
No. CV-25-479

| | | |
|---|---|---|
| STEVIE DEL BUSTO | | Opinion Delivered April 22, 2026 |
| | APPELLANT | APPEAL FROM THE POPE COUNTY CIRCUIT COURT [NO. 58DR-22-150] |
| V. | | |
| | | HONORABLE GORDON W. "MAC" MCCAIN, JR., JUDGE |
| JOHN DEL BUSTO | | |
| | APPELLEE | REVERSED AND DISMISSED |

**MIKE MURPHY, Judge**

In this one-brief appeal, appellant Stevie Del Busto appeals the Pope County Circuit Court's order setting aside the decree of divorce between her and appellee John Del Busto as void ab initio. The decree was originally filed nearly three years earlier on July 15, 2022. On appeal, Stevie argues the decree was not void; John's challenge to the appeal is untimely; and the circuit court lacked authority to act. We agree with Stevie and reverse and dismiss.

Stevie filed for divorce against John in March 2022. The complaint was verified under oath and alleged general indignities as the grounds for the divorce. Stevie requested that the circuit court divide the couple's marital property and asked for joint custody of the parties' two minor children. John was personally served with the summons and complaint on the same day that the divorce complaint was filed, which was March 29, 2022.

During the original divorce action, Stevie was represented by counsel, but John appeared pro se. During the case, John never filed an answer, but the parties exchanged information, including affidavits of financial means. On July 14, the parties' affidavits of financial means—together with an additional affidavit from Jennifer Little—were filed with the circuit clerk. Jennifer attested that Stevie resided in Pope County and that Stevie was entitled to an absolute divorce from John.

The divorce decree was entered on July 15 and confirmed that the circuit court found jurisdiction over both parties. Additionally, the court found that Stevie had "substantiated grounds for divorce" and that she was "treated with such general indignities as to make the marriage intolerable entitling her to an absolute divorce." The divorce decree specifically states:

> That the Defendant, John Del Busto, recognizes that the pleadings, facts, and matters contained herein are true and correct providing a factual basis for finding that the Plaintiff is entitled to an absolute divorce.

The circuit court went on to award joint legal custody of the minor children to the parties, with Stevie serving as the primary custodian. John was granted visitation. The decree set child support based on the parties' respective incomes and apportioned responsibility for medical expenses and extracurricular costs. The decree also divided marital assets and debts. John was ordered to pay Stevie $20,000 in exchange for Stevie relinquishing her rights to certain real property the couple shared. Last, the divorce decree stated that it was agreed to by Stevie, John, and Stevie's counsel, whose signatures appear on the decree.

On January 30, 2025, represented by counsel, John moved to set aside the 2022 decree, arguing that Stevie had not properly proved or corroborated the statutory grounds for divorce as required by Arkansas law. Specifically, he contended that no hearing or deposition in the case established grounds for divorce and that Jennifer Little's residency witness affidavit was insufficient evidence. He argued that the decree was thus void. He further contended that the child support awarded in the divorce decree was incorrectly calculated and that the decree did not set out the visitation with specificity, causing confusion.

On February 28, 2025, Stevie responded, opposing the motion. Among other things, she argued that corroboration is not required in uncontested divorce suits under Arkansas Code Annotated section 9-12-306(a);[1] that John had voluntarily signed the decree on July 5, 2022; and that John failed to appeal the final divorce decree within thirty days of its entry. She asserted that John's motion was a "Hail Mary" to reduce the amount of child support that he owed Stevie and consequently lacked merit.

A hearing was held on April 21, 2025, wherein the court heard arguments from counsel. The court then found the 2022 decree void and reopened the original divorce action between the parties. A written order memorializing the court's oral ruling was entered on April 30. The appealed order states:

---

[1]Arkansas Code Annotated section 9-12-306(a) (Repl. 2020) provides, "In uncontested divorce suits, corroboration of the plaintiff's grounds for divorce shall not be necessary or required."

3

1. Plaintiff acknowledges that a final hearing never took place whereby divorce testimony was presented to the Court. Likewise, Plaintiff admits that a divorce deposition was never filed whereby Plaintiff put on divorce testimony.

2. Divorces are a creature of statute and can only be granted when statutory grounds have been proven. Statutory grounds are proven by oral testimony at a hearing or by a divorce deposition. Because neither of those occurred, the Decree of Divorce filed July 15, 2022, is void ab initio.

3. The Decree of Divorce filed July 15, 2022, be and hereby is set aside and held for naught. This file is now an open divorce file that is pending and the parties shall plead forward.

From this order, Stevie appealed. Her first argument on appeal is that the decree is not void. This is a question we review de novo. *See generally Bell v. Bell*, 2023 Ark. App. 246, at 5, 666 S.W.3d 874, 877. We agree with Stevie that the court erred in finding the decree void.

In Arkansas, a judgment entered without jurisdiction of the person or the subject matter or in excess of the court's power is void. *Wilson v. Wilson*, 2016 Ark. App. 191, at 8, 487 S.W.3d 420, 425. The effect of a void judgment must be to return the relevant parties to the positions they were in before its entry because "[v]oid judgments have no legal effect. They are worthless; no rights can be obtained from them and all proceedings founded upon them are equally worthless." *Sutton v. Pickett*, 2021 Ark. App. 452, at 9, 638 S.W.3d 313, 319 (citing *Welch v. Burton*, 221 Ark. 173, 176, 252 S.W.2d 411, 414 (1952)).

Here, the circuit court had both subject-matter jurisdiction and personal jurisdiction over the parties. First, jurisdiction was proper under Arkansas Code Annotated section 16-13-201(a) (Supp. 2025) and the Arkansas Constitution, amendment 80, section 6(A), which

both state that circuit courts shall have original jurisdiction of all justiciable matters not otherwise assigned pursuant to the Arkansas Constitution. The divorce action was a justiciable matter not otherwise assigned pursuant to the Arkansas Constitution. Second, Stevie properly invoked the circuit court's personal jurisdiction over John as a party by properly serving him with a complaint and summons. John did not challenge the service of process that he received. Furthermore, John had actual notice of the divorce proceedings and final decree as evidenced by his signature in agreement on the decree itself. Consequently, the divorce decree is not void, and the court erred in setting it aside as such.

To support its finding below, the court stated that divorces can be granted only when statutory grounds have been proved, which is true. *See Gunnell v. Gunnell*, 30 Ark. App. 4, 7, 780 S.W.2d 597, 598 (1989) ("regardless of whether a divorce is contested or uncontested, the injured party must always prove his grounds for divorce; our statutory law does not allow a spouse to waive proof of grounds"). However, this does not result in a void ab initio decree because it is not an issue of jurisdiction.

The parties' 2022 decree of divorce was a final, appealable order because it conclusively adjudicated every material issue raised in the action. Because John failed to appeal the divorce decree within a timely manner, his argument regarding the decree's validity comes too late. Our general rule is that a party who has knowledge of a judgment against him is required to exercise reasonable diligence in seeking to have it set aside, and an unexcused delay may justify a court in refusing to grant the requested relief. *Self v. Self*, 319 Ark. 632, 637, 893 S.W.2d 775, 778–79 (1995).

Accordingly, we hold that this case must be reversed and dismissed; the circuit court lacked jurisdiction to set aside the divorce decree. The original decree stands as a valid judgment.

Reversed and dismissed.

TUCKER and BARRETT, JJ., agree.

*Table Law*, by: *Martha Ayres*, for appellant.

One brief only.